## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

_____

| | |
|---|---|
| **MAKYA LITTLE**, ) | |
| 15000 Potomac Town Place, Ste 100-144, ) | |
| Woodbridge, VA 22191, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | |
| **MERRICK B. GARLAND**, ) | |
| U.S. Attorney General, ) | |
| U.S. Department of Justice, ) | Jury Demanded |
| Washington, D.C. 20530 ) | |
| ) | |
| Serve: Merrick Garland ) | |
| Attorney General for the United States ) | |
| United States Department of Justice ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20530-0001 ) | |
| ) | |
| U.S. Attorney's Office ) | |
| 555 Fourth Street, N.W. ) | |
| Washington. D.C. 20530 ) | |
| ) | |
| Defendant. ) | |

_____)

### COMPLAINT

**COMES NOW** Plaintiff, Makya Little (hereinafter "Plaintiff" or "Ms. Little"), by and through her undersigned counsel, and for her complaint states, as follows:

### NATURE OF THE CASE

1.      Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., seeking relief based upon unlawful discrimination of Plaintiff by the U.S. Department of Justice on the bases of her race (African-American), sex (female), and reprisal (prior EEO activity) as set forth below.

1

## PARTIES

2.      Plaintiff is currently domiciled in Woodbridge, Virginia.  Plaintiff is a resident of the State of Virginia and is a United States citizen.  At all relevant times, Plaintiff was an employee of the Federal Bureau of Investigation ("FBI"), at the FBI Headquarters, in Washington, D.C.

3.      Defendant U.S. Attorney General Merrick Garland ("Attorney General Garland") is named in his official capacity as the U.S. Attorney General for the U.S. Department of Justice, Federal Bureau of Investigation ("FBI" or "Agency").

4.      Attorney General Garland is directly liable for the discriminatory actions or omissions of his agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

## JURISDICTION

5.      This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

6.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

7.      Venue is appropriate in this District and based on the fact that the FBI, an Agency of the federal government, operates within the District of Columbia. 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

### Case 1: EEOC No: 570-2021-00432X

8.      Plaintiff has exhausted her administrative remedies as follows.

9.      From on or around December 19, 2019, Plaintiff was not selected for two positions: Assistant Section Chief, GS-15, in the Human Resources Division, or Unit Chief, GS-15, in the Counterterrorism Division.

10.      On January 15, 2020, Plaintiff's request to the Human Resources Division for diversity-related data was denied.

11.      On or about January 28, 2020, Plaintiff was not selected for Unit Chief, GS-15, position in the National Security Branch.

12.      On January 30, 2020, Plaintiff timely initiated contact with an EEO counselor regarding the abovementioned non-selection and harassment, within the forty-five (45) day statutory deadline. As Plaintiff filed an EEO complaint, she was precluded from filing a formal grievance.

13.      On March 2, 2020, Plaintiff filed a formal EEO complaint regarding the abovementioned non-selection and harassment.

14.      The Agency accepted Plaintiff's claims for investigation on March 4, 2020.

15.      On December 7, 2020, Plaintiff received the Report of Investigation.

16.      Plaintiff filed a request for a hearing on December 10, 2020.

17.      On March 8, 2022, Plaintiff filed a Notice of Withdrawal of Hearing Request and Request for Final Agency Decision.

18.      To date, Plaintiff has not received a Final Agency Decision from the Agency.

19.      Plaintiff hereby timely files this action as more than sixty (60) days have passed since her request for a Final Agency Decision was filed and a CAO final decision has not been issued.

**Case 2: Agency Case No: FBI-2021-00130**

20.     Plaintiff has exhausted her administrative remedies as follows.

21.     From November 2020 through April 2021, Plaintiff was subjected to harassment when the closing date for vacancy announcement 20210249 was extended and open to external candidates.

22.     The Assistant Director did not recuse herself from the interview panel as required by policy.

23.     On April 19, 2021, Plaintiff was notified that she was not selected for the position for Section Chief, Office of Diversity and Inclusion, Senior Executive Service.

24.     On April 21, 2021, Plaintiff timely initiated contact with an EEO counselor regarding the abovementioned non-selection and harassment, within the forty-five (45) day statutory deadline. As Plaintiff filed an EEO complaint, she was precluded from filing a formal grievance.

25.     On August 4, 2021, Plaintiff filed a formal EEO complaint regarding the abovementioned non-selection and harassment.

26.     The Agency accepted Plaintiff's claims for investigation on August 16, 2021.

27.     On February 25, 2022, Plaintiff received a *Notice of Completion of Investigation*, which notified Plaintiff that investigation was complete and provided her options to pursue her EEO complaint. This *Notice of Completion of Investigation* included the option for Plaintiff to "file a civil action in an appropriate U.S. District Court within 90 days of your receipt of the CAO's final decision if no appeal has been filed, or after 180 days from the date you initially filed your complaint, if no appeal has been filed, and a CAO final decision has not been issued… Filing a civil action will terminate the administrative processing of your complaint or appeal."

4

28.     To date, Plaintiff has not received a Final Agency Decision from the Agency.

29.     Plaintiff hereby timely files this action as no appeal has been filed and more than 180 days have passed from the date of the filing of her formal EEO complaint, and a CAO final decision has not been issued.

## FACTS

30.     Plaintiff incorporates herein all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

31.     At all times relevant to the claims made herein, Plaintiff was an employee of the Federal Bureau of Investigation ("FBI"), at the FBI Headquarters, in Washington, D.C.

32.     Plaintiff was a GS-14 0343 Management and Program Analyst.

33.     Plaintiff was hired to this position in approximately May 2010. Plaintiff has worked for the FBI since 2009.

34.     Plaintiff was selected for a joint duty assignment at Central Intelligence Agency ("CIA") in approximately January of 2017 and served in a GS-15/Senior Intelligence Service role until approximately January of 2020.

35.     Plaintiff is an African-American woman who beginning in May 2019 regularly complaint about discrimination in the workplace.

Plaintiff filed EEO complainants  on or about January 30, 2020 and April 21, 2021.

36.     During most times relevant to this complaint, Plaintiff's first-line supervisor was Acting Assistant Section Chief Katherine Cole ("Ms. Cole").

37.     Upon information and belief, Ms. Cole is a Caucasian female.

## Case 1: EEOC No: 570-2021-00432X

38.     Beginning in May of 2019, Complainant began to address the unfair practices of promotion discrimination against African Americans to Director Christopher Wray ("Mr. Wray"). Other executives to whom Plaintiff addressed the unfair practices of promotion discrimination against African Americans included Deputy Director Paul Abbate ("Mr. Abbate"), Executive Assistant Director Andy Vale ("Mr. Vale"), and Associate Deputy Director Jeffrey Sallet ("Mr. Sallet") and Section Chief, Peter Sursi.

39.     Upon information and belief, Mr. Wray, Mr. Abbate, Mr. Vale, and Mr. Sallet and Mr. Sursi are all Caucasian males and Mr. Vale also identifies as Hispanic.

40.     In June 2019, A. Tonya Odom ("Ms. Odom"), then-Section Chief of FBI's Office of Diversity and Inclusion, was made aware of Plaintiff's protected EEO activity.

41.     Upon information and belief, Ms. Odom is an African American woman.

42.     Upon information and belief, in 2019, Ms. Odom obtained a copy of Plaintiff's resume from Office of the Director of National Intelligence ("ODNI") Chief of Equal Employment Opportunity Rita M. Sampson ("Ms. Sampson").

43.     Ms. Sampson was not authorized to share Plaintiff's resume with anyone outside of ODNI.

44.     At the time that she came into possession of Plaintiff' resume, Ms. Odom did not work in ODNI.

45.     Upon information and belief, Ms. Sampson is an African American woman.

46.     Upon information and belief, in 2019, while Plaintiff was on a Joint Duty Assignment with the CIA, Ms. Odom discussed the contents of Plaintiff's resume with CIA Chief Diversity and Inclusion Officer, Sonya Holt ("Ms. Holt").

47.    Ms. Odom specifically told Ms. Holt that Plaintiff provided misinformation on her resume and Plaintiff was not a co-founder of the Diversity Agent Recruitment Program and otherwise spoke negatively about Plaintiff.

48.    While Plaintiff was on her Joint Duty Assignment at the CIA, Ms. Holt at some point began to serve as Plaintiff's second-level manager.

49.    Ms. Odom admits during an EEO Counselor interview regarding Plaintiff's EEO case filed naming Ms. Odom as a RMO, that she had a discussion with a EEO and Diversity colleague at another Agency, however she refused to name the Agency or specify a reason why the discussion occurred.

50.    In a separate case regarding another EEO complaint Plaintiff filed naming Ms. Odom as an RMO, Ms. Odom identified the colleague that she spoke to about Plaintiff as Ms. Holt of the CIA.

51.    Ms. Odom admitted that she spoke with Ms. Holt in 2019 about "inaccurate representations" made by Plaintiff in her resume.

52.    In 2021, after her Joint Duty Assignment with the CIA ended, Plaintiff was selected via a verbal offer for a Senior Communications Strategist position with Bravo Consulting Group, LLC (BRAVO) for which the CIA was the customer.

53.    Despite the offer extended, BRAVO subsequently rescinded the offer.

54.    Plaintiff believes that the offer was rescinded based upon b=negative information about Plaintiff provided by Ms. Holt.

55.    Ms. Odom's negative comments made to Ms. Holt regarding Plaintiff were relayed by Ms. Holt to the vendor, BRAVO.

56.     This negative information caused BRAVO to resend the verbal offer for employment given to Plaintiff.

57.     Consequently, Plaintiff lost a position that would have paid her $170,000.00 per year starting on or about September 2021.

58.     Plaintiff was on her Joint Duty Assignment with the CIA from January 2017 through January 2020.

59.     On or around November 21, 2019, Ms. Odom discussed specific entries in Plaintiff's resume with Ms. Cole and stated that some of the entries were misrepresentations.

60.     On or about December 19, 2019, Plaintiff was not selected for the HRD Assistant Section Chief position or the position of Unit Chief for the Counterterrorism Division.

61.     Peter Sursi was the Hiring Manager for the HRD position.

62.     Katherine was the Hiring Manage for the Counterterrorism position.

63.     Upon information and belief, Plaintiff was not selected for the Unit Chief position because Ms. Odom retaliated against her by incorrectly telling Ms. Cole that Plaintiff had false information on her resume and Ms. Cole held her own animus against Plaintiff for her engagement in EEO activity.

64.     In an email to Peter dated November 14, 2019, Ms. Cole referred to Plaintiff as "passionate about furthering diversity and inclusion".

65.     The reference in the November 14, 2019, email by Ms. Cole that that says, "I personally believe that time 'in the trenches' is an important key to success and leadership; it fosters humility", is actually suggesting that Plaintiff's passion regarding diversity will or should dull with time in trenches.

66.     Plaintiff asserts this since Ms. Cole and Peter Sursi knew about Plaintiff's front-line leadership (management) experience that she gained during her three (3) years with the CIA, between 2017-2020.

67.     Ms. Cole, Ms. Odom and Peter Sursi were clearly irritated by Plaintiff's efforts to address discrimination in the workplace and further diversity and inclusion.

68.     In a November 14, 2019, email to Peter Sursi Ms. Cole stated

69.     Furthermore, Ms. Odom incorrectly told the Ms. Cole, who was Plaintiff's first line supervisor and the hiring official for the Unit Chief position, that there was false information in Plaintiff's resume.

70.     Plaintiff was originally listed as the highest-ranking candidate on the Certificate of Eligibles for the position of Unit Chief, however, she was not selected for the position.

71.     Plaintiff was not interviewed for the position of Assistant Section Chief, despite her qualifications.

72.     There were candidates for Assistant Section Chief position who ranked lower than Plaintiff but were interviewed for the job.

73.     The candidate selected for the Assistant Section Chief position was ranked number seven (7).

74.     Plaintiff was ranked number five (5) for the Assistant Section Chief position.

75.     It was stated by Peter Sursi that Plaintiff was not interviewed for the Assistant Section Chief's position due to supervisory input.

76.     The input received by Mr. Sursi was based on what Ms. Cole shared with him.

77.     Ms. Cole knowingly shared was inaccurate information regarding Plaintiff's front-line experience.

78.     In January 2020, Plaintiff spoke to Ms. Odom at a scheduled meeting where Ms. Odom shared that CTD ASC Katherine Cole had referenced, including Plaintiff co-founding the Diversity Agent Recruitment Program ("DAR").

79.      During the January 10, 2020, conversation, Ms. Odom told Plaintiff that her resume was inaccurate and told her she was not a co-founder of DAR.

80.     Ms. Odom told Plaintiff to stop Plaintiff's referring to herself as a co-founder of the Diversity Agent Recruitment Program.

81.     In a Letter of Recommendation to the Governor of Virginia, dated May 24, 2019, DAR Co-founder, Eddie Winkley (Retired SSA), Mr. Winkley states: "Makya and I worked together at the Federal Bureau of Investigation, where we co-founded the Diversity Agency Recruitment (DAR) initiative".

82.     Mr. Winkley called and spoke with Ms. Odom and told her that she should reframe from challenging Plaintiff as a co-founder of DAR because she was in fact a co-founder and he had indicated such in writing.

83.     Despite Mr. Winkley's conversation with Ms. Odom correcting her incorrect assertions regarding Plaintiff not being a co-founder, Ms. Odom continued to testify under oath and assert to others that Plaintiff was not a co-founder of DAR.  call to Ms. Odom.

84.     In an effort to get the promotions she was entitled to, Plaintiff, despite not having to do so, rephased her involvement regarding the DAR initiative.

85.     Notwithstanding rephrasing her involvement in the DAR initiative, Plaintiff continued to experience retaliation.

86.     During the Conversation with Ms. Odom on January 10, 2020, Ms. Odom referred to herself as a "solider who takes orders from her commanders and executes them".

87.     In preparation for a January 23, 2020, meeting with Ms. Odom and Human Resources Branch Executive Assistant Director Andrew Vale ("Mr. Vale"), to discuss the recommendations for how to enhance equity in the promotion process, Plaintiff contacted Supervisory Management and Program Analyst Ashley Watson to request diversity-related data.

88.     Ms. Watson advised Plaintiff that she can get the data directly from HRD and that ODI "had no lane in the process".

89.     Plaintiff contacted HRD to get the data.

90.     Instead of sending the data to Plaintiff, the data was sent to Ms. Watson in ODI.

91.     Plaintiff later learned that Ms. Odom's office denied her request for data.

92.     This data would have revealed disparities in promotion rates amongst minorities in the Agency and was pertinent to the January 2020 meeting with Odom and Vale.

93.     Plaintiff was not provided the information she had requested, but rather unrelated information that had been approved for release by Ms. Odom.

94.     Ms. Odom did not provide an explanation as to why her request had been denied.

95.     On January 28, 2020, Plaintiff was interviewed, but not selected for the Unit Chief, National Security Branch, position.

96.     In September 2020, Mr. Sallet, during a conversation with Plaintiff, make statements which made it clear that Ms. Odom has shared the contents of her resume.

97.     The selectee identifies as White with no known EEO activity and was ranked number seven (7) on the Certificate of Eligibles for the Unit Chief, National Security Branch position.

98.     Plaintiff was ranked as number three (3) on the Certificate of Eligibles for the Unit Chief, National Security Branch position.

99.     The Selectee's resume was not included in the Report of Investigation (ROI) conducted at the administrative level.

100.    The Selectee did not have Joint Duty Experience which, in the National Security Branch, is highly preferred such that having this experience is referenced in FBI policy.

101.    Plaintiff possessed three (3) years of Joint Duty Experience which she obtained at the Central Intelligence Agency (CIA).

## Case 2: Agency Case No: FBI-2021-00130

102.    During the week of December 21, 2020, Plaintiff applied for the position for Section Chief, Office of Diversity and Inclusion, Senior Executive Service addressed in vacancy announcement 20210249, prior to the original closing date.

103.    The closing date for vacancy announcement 20210249 was extended to January 4, 2021.

104.    Plaintiff met all qualifications and was interviewed for this position.

105.    Mr. Sallet was the selecting official for this position.

106.    Ms. Odom was a member of the interview panel and did not recuse herself, despite knowing Plaintiff had named her as a Responsible Management Official in a prior EEO complaint.

107.    Ms. Odom, pursuant to the FBI's Ethics and Integrity Program Policy Guide, the Impartiality Section, should have recused herself from the interview panel.

108.    On April 21, 2021, Plaintiff was sent a generic non-selection email providing official notice of her non-selection Section Chief, Office of Diversity and Inclusion.

109.    Scott McMillion ("Mr. McMillion"), an African American male, no known EEO activity, was selected for this position.

## CAUSES OF ACTION

### COUNT ONE
**(Discrimination on the Basis of Race in Violation of Title VII, 42 U.S.C. § 2000e, *et seq*)**

110.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

111.    As a person of African-American descent, Plaintiff is a member of a protected class.

112.    Because of her race, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including non-selection and harassment.

113.    The Agency's improper adverse actions materially affected the terms, privileges and conditions of Plaintiff s employment as it resulted in her non-selection for a promotion and an external employment opportunity as addressed in both Case 1: EEOC No. 570-2021-00432X, and Case 2: Agency Case No. FBI-2021-00130.

114.    Defendant knew that Plaintiff is African-American prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected to because of her race.

115.    As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, were treated more favorably than Plaintiff in the terms and conditions of employment.

116.    Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

117.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

118.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her race.

119.    Defendant discriminated against Plaintiff because of her race by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

120.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, and costs, - and is entitled to all available legal and equitable remedies.

121.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing throughout the period stated in this complaint.

122.    Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.    Award compensatory damages in excess of $250,000;

b.    Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, and lost job benefits she would have received but for Defendant's unlawful conduct;

c.    Pre and post judgment interest;

14

d.   Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

e.   Award reasonable attorneys' fees, costs, and expenses incurred for this action;

f.   Require Equal Employment Opportunity training for the supervisory officials named herein;

g.   Require Supervisory training for the supervisors named herein;

h.   Award equitable, declaratory, and injunctive relief; and

i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
### (Discrimination on the Basis of Sex in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)

123.   Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

124.   As a female, Plaintiff is a member of a protected class.

125.   Because of her sex, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including non-selection and harassment as addressed in Case 2: Agency Case No. FBI-2021-00130.

126.   The Agency's improper adverse actions materially affected the terms, privileges and conditions of Plaintiff s employment as it resulted in her non-selection for a promotion.

127.   Defendant knew that Plaintiff is female prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected to because of her sex.

15

128.    As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, were treated more favorably than Plaintiff in the terms and conditions of employment.

129.    Plaintiff's sex was a determining factor in Defendant's unlawful conduct toward Plaintiff.

130.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

131.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her sex.

132.    Defendant discriminated against Plaintiff because of her sex by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

133.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, and costs, - and is entitled to all available legal and equitable remedies.

134.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing throughout the period stated in this complaint.

135.    Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Award compensatory damages more than a minimum of $250,000;

b.   Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.   Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorneys' fees, costs, and expenses incurred for this action;

e.   Require Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

f.   Require Supervisory training for the supervisors at issue herein;

g.   Award equitable, declaratory, and injunctive relief; and

h.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE

**(Discrimination on the Basis of Reprisal in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

136.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

137.    As Plaintiff filed an EEO complaint on January 27, 2020, Plaintiff has engaged in protected EEO activity.

138.    Because of her prior EEO activity, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including non-selection and harassment.

139.    The Agency's improper adverse actions materially affected the terms, privileges and conditions of Plaintiff s employment as it resulted in her non-selection for a promotion as addressed in both Case 1: EEOC No. 570-2021-00432X, and Case 2: Agency Case No. FBI-2021-00130.

140.    Defendant knew that Plaintiff had prior EEO activity prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected to because of her prior EEO activity.

141.    As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, were treated more favorably than Plaintiff in the terms and conditions of employment.

142.    Plaintiff's prior EEO activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

143.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

18

144.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her prior EEO activity.

145.    Defendant discriminated against Plaintiff because of her prior EEO activity by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

146.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, and costs, - and is entitled to all available legal and equitable remedies.

147.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing throughout the period stated in this complaint.

148.    Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

i.      Award compensatory damages in excess of $250,000;

j.      Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

k.    Award pre and post judgment interest;

l.    Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

m.    Award reasonable attorneys' fees, costs, and expenses incurred for this action;

n.    Require Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

o.    Require Supervisory training for the supervisors at issue herein;

p.    Award equitable, declaratory, and injunctive relief; and

Award such other and further relief as this Honorable Court deems just and proper.

## <u>COUNT FOUR</u>
### (Hostile Work Environment in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)

149.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

150.    Plaintiff was subjected to a harassing work environment that was "severe and pervasive" as she was subjected to repeated instances of non-selection and discriminatory actions by her supervisors as addressed in both Case 1: EEOC No. 570-2021-00432X, and Case 2: Agency Case No. FBI-2021-00130.

151.    As Plaintiff's supervisors were responsible for the severe and pervasive harassing behavior, Defendant is held directly liable for the harassment.

152.    As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, were treated more favorably than Plaintiff in the terms and conditions of employment.

153.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

154.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff in a manner that is severe and pervasive.

155.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, and costs, - and is entitled to all available legal and equitable remedies.

156.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing throughout the period stated in this Complaint.

157.    Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

q.     Award compensatory damages in excess of $250,000;

r.     Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

s.     Award pre and post judgment interest;

t.   Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

u.   Award pre and post judgment interest;

v.   Award reasonable attorneys' fees, costs, and expenses incurred for this action;

w.   Require Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

x.   Require Supervisory training for the supervisors at issue herein;

y.   Award equitable, declaratory, and injunctive relief; and

Award such other and further relief as this Honorable Court deems just and proper.

## **EQUITABLE RELIEF**

158.   Plaintiff incorporates by reference to, all facts, law, and/or allegations contained in the preceding paragraphs, as if fully set forth herein.

159.   Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, presents clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Order the Defendant to institute a policy and procedure advising its employees about anti-discrimination laws and implementing enforcement mechanisms;

b.   Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.     Order Supervisory training for the supervisors at issue herein; and

d.     Award such other and further relief as this Honorable Court deems just and

proper.

## **JURY DEMAND**

160.    Plaintiff demands a trial by jury on all issues set forth herein.


Dated:
May 27, 2022                              Respectfully submitted,



By:     /s/ *Donna Williams Rucker*
        Donna Williams Rucker
        (MD Bar No. 04180)
        Tully Rinckey, PLLC
        2001 L Street, NW, Suite 902
        Washington, D.C. 20036
        (202) 787-1900 (Office)
        (202) 640-2059 (Fax)
        DRucker@fedattorney.com
        *Counsel for Plaintiff*