UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKYA R. LITTLE,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>MERRICK B. GARLAND,<br>U.S. Attorney General,<br>U.S. Department of Justice,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　　Civil Action No.: 22-1511 (DLF)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF KAREN CORADO**

I, Karen Corado, declare as follows:

1.　　I am employed by the Federal Bureau of Investigation (FBI or Agency) as Unit Chief (UC), Complaints Processing Unit (CPU) in the Office of Equal Employment Opportunity Affairs (OEEOA) and have served in this capacity for six years.  Since January 3, 2022, I have also served as the Acting Assistant Director (A/AD) of Office of Equal Employment Opportunity Affairs.

2.　　Based on my experience, I am familiar with the FBI's procedures for processing and investigating EEO complaints.  I base this declaration on my own personal knowledge and experience, as well as my review of Office of Equal Employment Opportunity Affairs' records related to Plaintiff Makya Little's claims at the administrative stage.  If called as a witness, I could and would competently testify thereto.

3.　　The Complaints Processing Unit is responsible for processing EEO complaints, including the investigation of complaints.  The unit consists of EEO specialists, attorney-advisors, and Supervisory Special Agents (SSA), among others.  The Supervisory Special Agents serve as EEO Investigators and conduct the investigations of the formal EEO complaints.

4.      Once assigned a formal EEO complaint, the EEO Investigator will identify the witnesses to be interviewed and documentary evidence to be gathered. At the conclusion of an investigation, the EEO Investigator will compile the witness statements and evidence into a Report of Investigation (ROI).  At this point, the documents in the Report of Investigation are not redacted.  The Report of Investigation is submitted to an Office of Equal Employment Opportunity Affairs attorney-advisor who will review it for legal sufficiency.

5.      On rare occasions, if the attorney-advisor determines the Report of Investigation is lacking information, the EEO Investigator will be directed to gather additional documentary evidence or witness statements to supplement the Report of Investigation.  Once the Report of Investigation is complete, it is transmitted to the Discovery Processing Unit (DPU) of the FBI's Office of the General Counsel (OGC) for review and redaction of confidential, sensitive, classified or privileged information and/or information covered by the Privacy Act, if any.

6.      Upon the completion of the review by Discovery Processing Unit, the Report of Investigation is released to the complainant and his/her legal counsel.  A copy is provided to the Assistant General Counsel (AGC) of the Employment Law Unit (ELU), OGC who is assigned to defend the FBI in administrative proceedings before the Commission or, if a complaint is filed in federal district court, to assist the United States Attorney's Office in the litigation.

7.      Occasionally, Office of Equal Employment Opportunity Affairs will not be able to process an EEO complaint because of a conflict of interest.  This occurs under several different scenarios, including when the Office of Equal Employment Opportunity Affairs Assistant Director is a responsible management official (RMO) in the complaint.  Where a conflict of interest exists, the complaint is processed by one of the Department of Justice's other components.

**Little v. Garland, Agency No. FBI-2020-00091 ("Little I")**

8.      I have been asked to review the Report of Investigation regarding the first EEO complaint filed by Makya Little.  The complaint was assigned Agency No. FBI-2020-00091 and processed by Office of Equal Employment Opportunity Affairs.

9.      Ms. Little made initial contact with an FBI EEO counselor on January 27, 2020, and filed a formal complaint of discrimination on or about March 2, 2020. (DOJ Complaint of Discrimination, dated March 2, 2020 ("Exhibit 1") at FBI000037-44).  On the formal EEO complaint, Plaintiff checked the boxes for "race" discrimination and "reprisal." (*Id.* at FBI000037).  In the narrative attached to the formal complaint, Plaintiff contended that her non-selections were "due to her race and [in] retaliation for her protected activity." (*Id.* at FBI000040-42). There was no reference to sex discrimination or hostile work environment. (*Id.*)

10.      On March 17, 2020, Office of Equal Employment Opportunity Affairs acknowledged receipt of the complaint.  (Letter from Arlene A. Gaylord, Assistant Director, Office of Equal Employment Opportunity Affairs to David J. Shaffer, dated March 17, 2020, ("Exhibit 2") at FBI000071-73).

11.      On April 9, 2020, the Office of Equal Employment Opportunity Affairs accepted the following issues for investigation:

> Whether [Plaintiff] was discriminated against based on race (African American) and reprisal for prior EEO activity when, allegedly:
>
> > (1)      On December 19, 2019, she was not selected for two Assistant Section Chief, GS-15, positions in the Human Resources Division (HRD) [job postings HRD 2020-2029 and HRD-2020-2032], and a Unit Chief (UC), GS-15, position in the

> Counterterrorism Division (CTD) [job posting CTD 2020-2020];
>
> (2)    On January 15, 2020, her request to HRD for diversity-related data was denied; and
>
> (3)    On or about January 28, 2020, she was not selected for a Unit Chief, GS-15, position in the National Security Branch (NSB) [job posting NSB-2020-2087].

(Letter from Karen Corado, Unit Chief, Complaints Processing Unit to David J. Shaffer, sent *via* email, dated April 9, 2020 ("Exhibit 3") at FBI000075-80).

12.    Plaintiff, *via* counsel, requested reconsideration of Office of Equal Employment Opportunity Affairs' framing of the issues to include two additional non-selection claims that Office of Equal Employment Opportunity Affairs had not accepted on timeliness grounds.  (Letter from David J. Shaffer to Karen Corado, Unit Chief, Complaints Processing Unit, dated April 24, 2020 ("Exhibit 4") at FBI000046-48).  The request for reconsideration contended that Plaintiff had not been selected for the two positions based on her race and in retaliation for participation in protected activities.  (*Id.*) There was no reference to sex discrimination or hostile work environment.  (*Id.*)

13.    The Office of Equal Employment Opportunity Affairs denied the request.  (Letter from Arlene Gaylord, Assistant Director, Office of Equal Employment Opportunity Affairs to David J. Shaffer ("Exhibit 5") at FBI000082).

14.    The complaint was assigned to an EEO investigator on April 9, 2020.  (Email from Karen Corado, Unit Chief, Complaints Processing Unit to Supervisory Special Agent Michelle S. Lach, dated April 9, 2020 ("Exhibit 6") at FBI000084-

86).  The investigation was completed on or about August 7, 2020.  (Memorandum from Supervisory Special Agent Michelle S. Lach to Arlene Gaylord, Assistant Director, Office of Equal Employment Opportunity Affairs, dated August 7, 2020 ("Exhibit 7") at FBI000088.  The Report of Investigation was released to Ms. Little and her counsel on November 11, 2020.  (Letter from Karen Corado, Unit Chief, Complaints Processing Unit to David J. Shaffer, dated November 11, 2020 ("Exhibit 8")).

15.    On December 10, 2020, Ms. Little requested a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC or Commission).  (Letter from Donna Williams Rucker to District Director, Washington Field Office, EEOC, dated December 10, 2020 ("Exhibit 9")).

**Little v. Garland, Agency No. FBI-2021-00130 ("Little II")**

16.    In my capacity as Acting Assistant Director, Office of Equal Employment Opportunity Affairs, I have been asked to review the Report of Investigation regarding the second EEO complaint filed by Plaintiff Makya Little. The complaint was assigned Agency No. FBI-2021-00130 and processed by U.S. Drug Enforcement Administration (DEA).  (Letter from Darryl W. Himes, Complaints Program Manager, Drug Enforcement Administration to Makya Little, dated August 5, 2021 ("Exhibit 10")).

17.    Ms. Little made initial contact with an FBI EEO counselor on April 21, 2021, and filed a formal complaint of discrimination on or about August 4, 2021.  (DOJ Complaint of Discrimination, dated August 4, 2021 ("Exhibit 11") at FBI000006).  On the formal EEO complaint, Plaintiff checked the boxes for "race," "sex," and "gender identity" discrimination, "non-sexual harassment" and "reprisal."  (*Id.*)  In the narrative, Plaintiff stated:  "Not selected for Section Chief of the Office of Diversity and Inclusion.  Was harassed in the process by

executives who had no involvement with the selection process.  Due to my race, gender, and prior EEO activity." (*Id.*)

18.     Drug Enforcement Administration acknowledged receipt of the complaint on August 5, 2021.  (Exhibit 10).  Ms. Little was advised of the issues accepted for investigation on August 16, 2021.  (Letter from Lorena McElwain, EEO Officer, Drug Enforcement Administration to Makya Little, dated August 16, 2021 ("Exhibit 12")).  The complaint was assigned to an investigator on August 19, 2021.  (Letter from Lorena McElwain, EEO Officer, Drug Enforcement Administration to Andrea Garza, dated August 19, 2021 ("Exhibit 13")).

19.     Ms. Little requested to amend her complaint on August 31, 2021. (Email from Makya Little to Darryl Himes, Complaints Program Manager, Drug Enforcement Administration, dated August 31, 2021 ("Exhibit 14")).  Drug Enforcement Administration accepted in part and rejected in part the request to amend complaint on October 14, 2021.  (Letter from Lorena McElwain, EEO Officer, Drug Enforcement Administration to Makya Little, dated October 14, 2021 ("Exhibit 15")).  The following issues were accepted for investigation:

> Whether [Plaintiff] was discriminated against based on race (unknown), sex (Female) and reprisal for prior EEO activity when, allegedly:
>
> > (1)     On April 19, 2021, she was notified that she was not selected for the position of Section Chief, Office of Diversity and Inclusion, Senior Executive Service (SES), advertised under Vacancy Announcement Number 20210249;
> >
> > (2)     From November 2020 to April 2021, she was harassed (non-sexual) by FBI executives (who had no involvement in the selection process) when among other things:

(a) the closing date for the vacancy
announcement was extended to
January 4, 2021 and was now open to
external candidates to apply;

(b) the Assistant Director did not recuse
herself from the interview panel;

(c) she received a text message from a
Section Chief requesting to speak
with her regarding her qualifications,
grade level, application status, and
interview performance; and

(d) she received unsolicited feedback
regarding her promotion potential
from the Executive Assistant Director
who told her "it is not going to
happen," and contends that both the
Deputy Director and the Associate
Deputy Director directed the
Executive Assistant Director to tell
her that she would not be selected for
the position of Section Chief, Office
of Diversity and Inclusion.

Whether [Plaintiff] was discriminated against based on
reprisal for prior EEO activity when, allegedly:

(3)     On August 18, 2021, [she] was
notified that a job offer from Bravo
Consulting Group, LLC was rescinded due
to them receiving negative feedback about
[her] from their customer agency, the
Central Intelligence Agency (CIA).  [She]
believes that it was the Assistant Director
(A. Tonya Odom) of the FBI who provided
false and negative information about [her] to
the CIA.

- 7 -

(*Id.*)

20.     Drug Enforcement Administration provided Ms. Little with a copy of the Report of Investigation on February 25, 2022.  (Letter from Darryl W. Himes, Complaints Program Manager, Drug Enforcement Administration to Makya Little, dated February 25, 2022 ("Exhibit 16")).  Office of Equal Employment Opportunity Affairs records do not contain correspondence from Ms. Little requesting a hearing before the Equal Employment Opportunity Commission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2022 in Washington, D.C.

_____
Karen Corado
Unit Chief
Complaint Processing Unit
Office of Equal Employment Opportunity Affairs
Federal Bureau of Investigation

U.S. Department of Justice

# Complaint of Discrimination
*(See instructions on reverse)*

RECEIVED

PRIVACY ACT STATEMENT: 1. AUTHORITY- The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE AND USE-This information will be used to process the charges and allegations of a complaint of discrimination based on race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), sexual orientation or reprisal.

3: 2

The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

OFFICE OF EEO AFFAIRS

| | |
|---|---|
| 1. Complainant's Full Name<br>Makya Renee Little | 2. Your Telephone Number (including area code)<br>Home 703-786-7987 |
| Street Address, RD Number, or Post Office Box Number<br>4829 Montega Drive | Work 202-323-1486 |
| City, State and Zip Code<br>Woodbridge, VA 22192 | |

3. Which Department of Justice Office Do You Believe Discriminated Against You?

Federal Bureau of Investigation, Office of Diversity & Inclusion

B. Street Address of Office

935 Pennsylvania Avenue NW

C. City, State and Zip Code

Washington, DC 20535

4. Current Work Address

935 Pennsylvania Avenue NW, Washington, DC 20535

A. Name of Agency Where You Work
Federal Bureau of Investigation

B. Street Address of Your Agency
935 Pennsylvania Avenue NW

C. City, State and Zip Code
Washington, DC 20535

D. Title and Grade of Your Job
Management and Program Analyst, GS-14

5. Date on Which Most Recent Alleged Discrimination Took Place

| Month | Day | Year |
|---|---|---|
| 12/19/19 | | |

6. Check Below Why You Believe You Were Discriminated Against?

- [x] Race or Color (Give Race or Color) African American
- [ ] Religion (Give Religion) _____
- [ ] Sex (Give Sex)  [ ] Male  [ ] Female
  - [ ] Sexual Harassment
- [ ] Age (Give age) _____
- [ ] National Origin (Give National Origin) _____
- [ ] Disability  [ ] Physical  [ ] Mental

- [ ] Genetic Information
- [ ] Sexual Orientation
- [ ] Gender Identity
- [x] Reprisal
- [ ] Parental Status
- [ ] Class Complaint

7. Explain How You Believe You Were Discriminated Against *(treated differently from other employees or applicants)* Because of Your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Genetic Information, Sexual Orientation, Gender Identity, Parental Status, or Reprisal. Do not include specific issues or incidents that you have not discussed with your EEO Counselor. *(You may continue your answer on another sheet of paper if you need more space.)*

Please see Complaint of Discrimination: Attachment A

8. What Corrective Action Do You Want Taken on Your Complaint?

Please see Complaint of Discrimination: Attachment B

9. A) I have discussed my complaint with an Equal Employment Opportunity Counselor and/or other EEO Official.

| DATE OF FIRST CONTACT WITH EEO OFFICE: | DATE OF RECEIPT OF NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR: |
|---|---|
| 1/27/20 | 2/14/20 |

B) Name of Counselor

Marie T. Kuchay

[ ] I Have Not Contacted an EEO Counselor

10. Date of This Complaint:

| Month | Day | Year |
|---|---|---|
| 3/2/2020 | | |

11. Sign Your Name Here:

FORM DOJ-201A
APR. 2011

RECEIVED

# READ CAREFULLY

2020 MAR -4 P 3: 28

- This form should be used only if you, as an applicant for Federal Employment or as a Federal Employee, think you have been discriminated against because of race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), genetic information, sexual orientation, gender identity, parental status or reprisal by a FEDERAL agency, and have presented the matter for informal resolution to an Equal Employment Opportunity (EEO) Counselor within 45 calendar days of the date the incident occurred or, if a personnel action, within 45 calendar days of its effective date.

- Your complaint must be filed within 15 calendar days of the date of your receipt of the Notice of Final Interview with the EEO Counselor. If the matter has not been resolved to your satisfaction within 30 calendar days of the date you contacted the EEO office and the final counseling interview has not been completed within that time, you have the right to file a complaint at any time thereafter up to 15 calendar days after your receipt of the Notice of Final Interview. These time limits will only be extended under limited circumstances.

- The EEO Counselor or the EEO Officer will assist you in preparing your complaint, upon request.

- Your written complaint should be filed by you with the EEO Officer for the Bureau where the alleged discrimination occurred.

- You may have a representative at all stages of the processing of your complaint.

- You will have an opportunity to talk with an impartial investigator and present all facts which you believe support your complaint of discrimination.

- After the investigation of your complaint has been completed, you will be furnished a copy of the investigative file. You will then be given an opportunity to request a final agency decision by the Department of Justice's Complaint Adjudication Officer (CAO) or a hearing before the Equal Employment Opportunity Commission (EEOC), which will be conducted by an Administrative Judge of the EEOC. At the hearing, which will be held at a convenient time and place, you may present witnesses and other evidence in your behalf.

- If your complaint is based upon sexual orientation, gender identity, or parental status, your investigative file will be reviewed by the Department of Justice's CAO and a final decision will be rendered with no entitlement for further administrative review.

- If a hearing is held on your complaint and a decision is rendered, the CAO will take final action on your complaint by issuing a final order. The final order will notify you whether or not the agency will fully implement the Administrative Judge's decision and it will explain your appeal rights. If you elect to have an immediate final agency decision without having a hearing, the CAO will take final action on your complaint by issuing a final agency decision which consists of findings on the merits of each issue in the complaint. The final agency decision will also include an explanation of your appeal rights.

- If you are not satisfied with the final order or final agency decision, you have the right to file a written appeal with the EEOC, Washington, DC, within 30 calendar days after your receipt of the final order or final agency decision. A copy of your appeal must be provided to the agency at the same time it is filed with the EEOC.

- If your complaint is based upon race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), genetic information or reprisal, you also have the right to file a civil action in the appropriate Federal District Court:

  (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

  (b) After 180 days of filing an individual or class complaint if an appeal has not been filed and final action has been taken;

  (c) Within 90 days of receipt of the Commission's final decision on an appeal; or

  (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

NOTE: Special statutory provisions (PL 93-259) relating to the right to file a civil action apply to age discrimination complaints. Please consult with your EEO Officer for assistance.

FBI000038

## Complaint of Discrimination

### Attachment A

*Explain How You Believe You Were Discriminated Against (treated differently from other employees or applicants) Because of Your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Genetic Information, Sexual Orientation, Gender Identity, Parental Status, or Reprisal. Do not include specific issues or incidents that you have not discussed with your EEO Counselor.*

The Federal Bureau of Investigation (FBI) has a long-standing record of statistically significant imbalances of racial demographics of the employees they hire and promote into leadership positions. In FY2019, 76.63% of all new hires were White, while the number of African-Americans/Blacks were less than 6%. As of February 2020, 86.67% of the FBI's senior leaders were White, while African-Americans/Blacks only made up 3.94%. Although this data is collected and reported on a regular basis, executive leadership continues to push back on policy changes that would create fair systems to ensure non-discriminatory practices. As an African-American with an advanced degree and leadership experience within and external to the Intelligence Community, I believe I am being discriminated against in my applications for FBI leadership positions due to the FBI's systemic use of discriminatory promotion practices and policies.

During the Q&A portion of a Counterterrorism Division (CTD) All Hands Event on May 14, 2019, I brought attention to the lack of diversity within CTD leadership and within the Bureau, and asked the FBI Director—Christopher Wray—about the prioritization of diversity and inclusion within the FBI. The response Director Wray provided was incoherent, offensive, and included statements such as: "Some of my mentors were African-American," "My son's godfather is African-American," and "We just choose the best qualified candidates." After this event, Director Wray tasked CTD's Assistant Director—Michael McGarrity—with establishing a Diversity & Inclusion Advisory Board within the Division. I volunteered to serve as a member of this board. To demonstrate that I was qualified for leadership positions within the FBI myself, on May 21, 2019, I took and passed the FBI's Leadership Skills Assessment and, on June 10, 2019, I took and passed the FBI's Senior Leader Interview and Presentation and began applying to leadership roles within the FBI.

On May 22, 2019, I reached out to the Associate Deputy Director—Paul Abbate—to advise him of the concerns I raised at the CTD All Hands and to extend an invitation for him to visit the CIA for a Diversity & Inclusion briefing through his executive assistant (EA).  At the time, I was on a TDY at the CIA. On June 24, 2019, I received a call from the ADD's office that he had a last minute schedule conflict and would be unable to attend the briefing scheduled for that day, and advised that he would like to include EAD Andy Vale once we rescheduled. I attempted to reschedule with his EA.

On July 8, 2019, I briefed CTD Executive Leadership and the Chairperson of CTD's Diversity & Inclusion Advisory Board—Kimberly  Smith—on how CIA incorporates diversity and inclusion in operations, HR policy/practices, and strategies along with several CIA colleagues representing

**FBI000039**

these business areas. Kimberly Smith advised me that she had reached out to the FBI's Diversity and Inclusion Office seeking partnership, but was rebuffed by Section Chief Tonya Odom who insisted that what CTD's Diversity and Inclusion Advisory Board was attempting to do was the responsibility of her office and that she brief's the Director on Diversity and Inclusion-related matters all the time. Ms. Smith advised her that—based on the Director's response at the 2019 CTD All Hands event—she should brief him differently.

On August 5, 2019, I ran into EAD Vale in the cafeteria and, at his request, I attempted to reschedule the Diversity & Inclusion Briefing at CIA. On August 19, 2019, I met with HRD's Recruitment, Selection and Staffing Section Chief—Peter Sursi—to share CIA's HR-related diversity and inclusion initiatives and policies.

After weeks of trying to coordinate with the EAD's EA, I was advised to coordinate with an alternate EA to reschedule the Diversity & Inclusion briefing at CIA. On August 29, 2019, I was told the EAD would not be available until October 2019, so I sent the slide deck I had prepared which highlighted my top 3 recommendations. The following day, EAD Vale reviewed the "asks" and responded with rebuffing statements including: "We're just not there yet," "There is a much greater hiring issue," and "Not sure if we have the person-power." I advised him that I would do more research in preparation for our meeting to ensure I could address his concerns.

On October 3, 2019, I was advised that ADD Abbate and EAD Vale's schedules just did no permit them to have a Diversity & Inclusion Briefing at CIA at this time, and that SC Tonya Odom and Special Assistant Paige Manz would be attending the briefing on their behalves. I also met with RPO and EEO's Reasonable Accommodations (RA) program to share CIA's RA, disability inclusion, and accessibility best practices for their benchmarking project.

On October 9, 2019, SC Tonya Odom and Special Assistant Paige Manz traveled to CIA HQ to receive diversity and inclusion-related briefing by CIA's Chief Diversity Officer where I also offered CTD's Diversity & Inclusion Advisory Board's support or piloting of any FBI diversity and inclusion initiatives. After receiving no follow-on communication from SC Tonya Odom, on October 17, 2019, I compiled my notes from the CIA briefing and shared them with other members of the Diversity Executive Council—to include EAD Andy Vale, SC Peter Sursi, and AD Arlene Gaylord (OEEOA)—as well as my CTD leadership (Section Chief Kristyn Kelly and Assistant Section Chief Katherine Cole).

On October 29, 2019, I applied for GS-15 Assistant Section Chief, Counterintelligence Division (Counterintelligence Training and Strategy Section). I was not selected for this position. I believe this was due to my race and retaliation for a protected activity.

On October 30, 2019, SC Tonya Odom sent me a follow-up e-mail with no subject requesting that I stop by her office the next time I was in the building. I advised her that I would be in the building the next day, so she sent me an invitation. The following day, SC Tonya Odom cancelled the meeting we had scheduled the previous day due to a pressing deadline.

On November 8, 2019, Director Wray was publicly confronted by retired African-American Agents at the 100 year anniversary celebration (of the first African-American Special Agent)

FBI000040

who were unhappy with the rates he cited of onboard and incoming African-American Special Agents. At EAD Vale's request, I reached out to his EA to request another effort to schedule a meeting. I sent an overview of CTD/FBI Diversity Data highlighting racial/minority disparities in hiring and promotion practices based on data—and mission implications—to EAD Andy Vale and ADD Paul Abbate. EAD Vale responded late in the day and asked that I continue to coordinate with SC Tonya Odom.

On November 21, 2019, SC Odom contacted my immediate FBI supervisor—Acting Section Chief Katherine Cole (also a hiring manager for a position to which I had applied)—demanding that CTD's Diversity and Inclusion Advisory Board stand down on diversity and inclusion efforts. When A/SC Cole pushed back by advising her that the board was established by the Assistant Director of CTD and that we were willing to partner but not stand down, SC Odom changed the conversation by claiming that I had falsely included accomplishments on my resume.

On November 26, 2019, A/SC Cole met with me to advise me of the conversation she had with SC Odom—to include SC Odom's accusations. The following day, I expressed my concerns regarding SC Odom's accusations to A/SC Cole and she recommended that I meet with SC Odom to ensure that she was not adversely impacting my promotion ability among other hiring managers.

On November 26, 2019, I applied for GS-15 Assistant Section Chief, Counterintelligence Division (Strategic Resources Section). I was not selected for this position. I believe this was due to my race and retaliation for a protected activity.

On December 2, 2019, I expressed my concerns to OEEOA Assistant Director Arlene Gaylord during a mentoring session. She also recommended that I meet with SC Odom to discuss my concerns. On December 5, 2019, I sent SC Odom an invitation for an after-work happy hour meeting. SC Odom called me to tell me that happy hour would not work for her schedule, but proposed a 5pm meeting for December 18, 2019 instead. On December 18, 2019, the EAD's EA reached out to me to schedule a Diversity & Inclusion briefing for EAD Vale and SC Odom on January 23, 2020. I confirmed my availability within the same day.

On December 18, 2019, I cancelled the meeting I scheduled with SC Tonya Odom due to my son's concert being rescheduled for inclement weather. Then on December 19, 2019, I received three "No Selection" e-mails from the Leadership Selection Board. The positions I had applied for were, GS-15 Assistant Section Chief, Human Resources Division (Recruitment, Selection & Staffing Section), GS-15 Assistant Section Chief, Human Resources Division (Analytics, Systems & Customer Engagement Section), and GS-15 Unit Chief, Counterterrorism Division (CT Financial Management Unit)—which initially ranked me as first out of four candidates based on my CaSS Score. I believe that I was not selected due to my race and was retaliated against for a protected activity.

On December 20, 2019, I contacted SC Odom's subordinate SMAPA Ashley Watson to inquire about how to make a diversity-related data request in preparation for the January 23, 2020, meeting with EAD Vale and SC Odom, and submitted the request directly to HRD, per her

guidance. The purpose of the meeting was to provide recommendations to the FBI based on my joint duty assignment (JDA) experience at CIA.

Upon returning from my JDA/holiday leave, I met with SC Odom on January 10, 2020, who expressed disappointment that I shared my concerns regarding racial/minority disparities in hiring and promotion practices with EAD Vale and ADD Abbate. She claimed that A/SC Cole brought up my accomplishments during their November 21, 2019 phone conference call and—although SC Odom did not deny my accomplishments to me in person—she debated me on the definition of the term "co-founder" although she conceded that the program she felt was a precursor to the Diversity Agent Recruitment (DAR) program had a completely different name and had yet to be implemented prior to my engagement and assistance with establishing DAR. Although I did not agree, I advised SC Odom that I would concede and reframe my experience as developing the communications strategy for the inaugural DAR event.

On January 13, 2020, I followed up with HRD to obtain the status of my data request. They advised me that they had sent it to SMAPA Watson. The following day, I followed up with SMAPA Watson to obtain a copy of my data request. I expressed my concerns to AD Gaylord (OEEOA), who recommended that I give SMAPA Watson 24 hours to forward my data request. By COB that day, SMAPA Watson provided alternate data.

On January 15, 2020, I expressed my concerns to A/SC Cole who advised me to ask HRD again directly and remove MAPA Watson from the e-mail thread. HRD responded advising that the Office of Diversity and Inclusion (SC Odom) denied my data request. I replied with an inquiry to gain clarity regarding the block and the provision of alternate data to SC Odom and CCed EAD Vale. EAD Vale responded requesting that I stop requesting information from HRB personnel.

On January 17, 2020, I expressed my concerns to EAD Vale regarding making recommendations based on my JDA experience without data to support my top recommendations, and cited Goal 3 of the Director's Priority Initiative which speaks to the availability and provision of diversity data to the entire workforce. EAD Vale requested that I stop e-mailing him.

On January 23, 2020, I met with EAD Vale, SC Odom, and Special Assistant Paige Manz to share my recommendations. EAD Vale opened the meeting announcing his impending retirement and claimed that my recommendations would not be effective or were initiatives that were already underway.

On January 28, 2020, I applied for GS-15 Unit Chief, National Security Branch (Global Engagement & Strategic Communications Unit). I was not selected for this position. I believe I was not selected for this position due to my race and was retaliated against for a protected activity.

I believe that raising my concerns regarding hiring and promotion practices and policies that adversely impact African-Americans within the Bureau to executive leadership within the FBI motivated the Section Chief of the Office of Diversity and Inclusion to provide negative, false employment references to at least one hiring manager (also my direct supervisor) as reprisal/retaliation for my opposition to this discrimination. Furthermore, since I did not apply to

any positions within the Diversity and Inclusion Office—nor did I share my resume with anyone in SC Odom's chain of command—I am unsure how she was authorized to obtain a copy of my resume to even become aware of its contents as her and A/SC Cole provided conflicting accounts of their November 21, 2019, conversation. Regardless, SC Odom's actions and the FBI's policies and practices have negatively impacted my ability to be selected for promotion although I have already been deemed eligible by the FBI's Leadership Skills Assessment and Senior Leaders Interview and Presentation approval processes.

## Complaint of Discrimination

### Attachment B
*What Corrective Action Do You Want Taken on Your Complaint?*

Corrective actions should include a change in human resources (hiring/promotion) policies with external oversight/accountability for metrics. Currently, hiring managers receive no equity assurance training, and neither minorities nor neutral HR personnel are required to serve as representatives on most panels. There is no accountability for diversity metrics or goals being met, and diversity data continues to worsen over time. The Leadership Skills Assessment is the only neutral assessment, however, the ability to obtain leadership experience within the FBI is left to unilateral decisions by managers. A practice of hand-selecting employees to serve in Acting roles gives an unfair advantage to friends of respective hiring managers. Also—upon applying for senior leadership roles—hiring managers can select a single candidate as long as they can justify through feedback why all of the other applicants (who also passed the Leadership Skills Assessment and Senior Leader Interview and Presentation) are not qualified. This allows the FBI's promotion system to favor like-minded employees with similar attributes to rise through the ranks regardless of merit. Corrective action must include a change to this discriminatory system.

As a qualified employee who has served at the GS-15 Unit Chief level from 2017-2018, and at the senior executive Section Chief level since 2018, a promotion to an FBI Headquarters Assistant Section Chief role (to include back-pay to 12/19/2019—the dates I was denied promotion to the GS-15 level after a first place initial ranking), damages for emotional distress in the amount of $300,000, and attorney's fees and costs.

**FBI000044**



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535-0001

MAR 1 7 2020

David J. Shaffer, Esq                    VIA EMAIL
David J. Shaffer Law
5012 Aurora Drive
Kensington, Maryland 20895

            RE:   MAKYA R. LITTLE AND
                  WILLIAM P. BARR, ATTORNEY GENERAL
                  U.S. DEPARTMENT OF JUSTICE
                  COMPLAINT OF DISCRIMINATION
                  FILE NUMBER:  FBI-2020-00091
                  FILED:  MARCH 4, 2020 (RECEIVED IN EEO)

Dear Mr. Shaffer:

    This letter acknowledges this office's receipt of your
client, Makya R. Little, formal Equal Employment Opportunity
(EEO) complaint of discrimination against the Federal Bureau of
Investigation (FBI).  It is among a number of other matters
pending review by my staff, but be assured it is being handled
as expeditiously as possible.  Pursuant to 29 C.F.R. Part 1614,
you will be advised by separate letter as to basis(es) and
allegation(s) of discrimination this office either accepts for
investigation or dismisses.

    Your client should be aware that if the EEO complaint is
accepted for investigation, the FBI is required to conduct an
impartial and appropriate investigation of the complaint within
180 days of the filing of the complaint, that date being August
31, 2020, unless the parties agree in writing to extend the time
period.  As set forth in 29 C.F.R. § 1614.108(e), the parties
may extend the time period voluntarily for not more than an
additional 90 days.  The FBI may unilaterally extend the time
period, or any period of extension, for not more than 30 days to
sanitize a complaint file.

Mr. David J. Shaffer, Esq.

In addition, your client has the right to appeal the final action on or the dismissal of the EEO complaint. Unless the entire complaint has been dismissed, your client has the right to request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ) after August 31, 2020 or after completion of the investigation, whichever comes first. When a complaint has been amended, the FBI must complete its investigation within the earlier of: (a) 180 days after the last amendment to the complaint or (b) 360 days after the filing of the original complaint. However, your client may request a hearing from an EEOC AJ on the consolidated complaints any time after 180 days from the date of the first filed complaint.

If your client requests a hearing, the request should be made in writing to:

> District Director
> Washington Field Office
> U.S. Equal Employment Opportunity Commission
> 131 M Street N.E.
> Fourth Floor, Suite 4NWO2F
> Washington, D.C. 20507-0100

A copy of the request also should be provided to:

> Office of Equal Employment Opportunity Affairs
> Federal Bureau of Investigation
> 935 Pennsylvania Avenue, N.W.
> Room 9304
> Washington, D.C. 20535-0001

Attached is a Notice of Rights and Responsibilities. We encourage you and your client to review this form to better understand a complainant's rights and responsibilities during the EEO Process.

Finally, if your client wishes to pursue an informal resolution of the complaint, you may request mediation. Mediation involves a neutral third party, a mediator, who listens to both parties and attempts to facilitate their reaching a mutually satisfactory resolution to an existing dispute. Mediation is neither a forum in which the legal merits of your case are adjudicated, nor does electing mediation preclude your client from pursuing the formal complaint if informal resolution is not reached. Although mediation is available in most instances, it is not available if: (1) the complaint involves application of an FBI policy, an allegation

2

FBI000072

Mr. David J. Shaffer, Esq.

of criminal behavior, an allegation pertaining to a class of employees; (2) if complainant is currently, or potentially, the subject of either an Inspection Division investigation or an Office of Professional Responsibility referral; or (3) if complainant is a former FBI employee or applicant.  If your client is interested in pursuing mediation, please contact the Alternative Dispute Resolution (ADR) Program Manager at (202) 324-4128.

If this office can be of further assistance to you or your client, please contact Management and Program Analyst Steven Blake at (202) 324-8166.

Sincerely yours,

Arlene A. Gaylord
Assistant Director –
Equal Employment Opportunity
Officer

By:   Crystal T. Marable
Supervisory Equal Employment
Specialist

Attachment

Cc:  Ms. Makya R. Little – VIA EMAIL

3

FBI000073



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535-0001

VIA EMAIL

David J. Shaffer, Esq
David J. Shaffer Law
5012 Aurora Drive
Kensington, Maryland 20895

                RE:  MAKYA R. LITTLE AND
                     WILLIAM P. BARR, ATTORNEY GENERAL
                     U.S. DEPARTMENT OF JUSTICE
                     COMPLAINT OF DISCRIMINATION
                     BASED ON RACE (AFRICAN AMERICAN) AND REPRISAL
                     FILE NUMBER:  FBI-2020-00091
                     FILED:  MARCH 4, 2020 (RECEIVED IN EEO)

Dear Mr. Shaffer:

     The purpose of this letter is to advise you and your
client, complainant Makya R. Little, that the processing of her
Equal Employment Opportunity (EEO) complaint against the Federal
Bureau of Investigation (FBI) has begun, and to provide written
notification of complainant's rights as well as the time
requirements for exercising those rights.  At this time, the
FBI's Discovery Processing Unit, Office of the General Counsel
(OGC) is reviewing copies of your complaint of discrimination
and the report of counseling for privileged and/or sensitive
information.  Once OGC returns these documents to this office,
they will be forwarded to you for your review.   An
investigation will be conducted as the next step in the
processing of the complaint.

     Accepted for investigation are the following issues:

          Whether complainant was discriminated
          against based on race (African American) and

FBI000075

Mr. David J. Shaffer, Esq.

reprisal for prior EEO activity[1] when, allegedly:

(1)   On December 19, 2019, she was not selected for two Assistant Section Chief, GS-15, positions in the Human Resources Division (HRD), and a Unit Chief, GS-15, position in the Counterterrorism Division;

(2)   On January 15, 2020, her request to HRD for diversity-related data was denied; and

(3)   On or about January 28, 2020, she was not selected for a Unit Chief, GS-15, position in the National Security Branch.

In addition to the above issues, which have been accepted for investigation, you also allege that you were discriminated against based on race (African American) and reprisal for prior EEO activity when on or about October 29 and November 26, 2019, you were not selected for Assistant Section Chief, GS-15, positions in the Counterintelligence Division.  The regulations at 29 C.F.R. § 1614.105(a)(1) provide that an aggrieved individual must initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory, or within 45 days of the effective date of a personnel action. Furthermore, the U.S. Equal Employment Opportunity Commission (EEOC), citing the Supreme Court's decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), has held that discrete acts, which include non-selections, must be raised within 45 days of their occurrence to be considered timely.  In this case, although the aforementioned incidents occurred on October 29 and November 26, 2019, you did not initiate EEO counseling until January 30, 2020. Accordingly, because these incidents occurred more than 45 days prior to your initiation of EEO counseling, they are properly dismissed as untimely and will not be investigated.

The federal regulations at 29 C.F.R. § 1614.107 provide, in relevant part:

---

[1] The "prior EEO activity" is what you characterize as opposition to discriminatory "hiring and promotion practices" which you allege "adversely impact African-Americans within the Bureau...."

2

Mr. David J. Shaffer, Esq.

> (a)  Prior to a request for a hearing in a
> case, the agency shall dismiss an
> entire complaint:
>
> (2)  That fails to comply with the applicable time
> limits contained in §§ 1614.105, 1614.106 and
> 1614.204(c), unless the agency extends the time
> limits in accordance with § 1614.604(c), or that
> raises a matter that has not been brought to the
> attention of a Counselor and is not like or
> related to a matter that has been brought to the
> attention of a Counselor[.]

If your client disagrees with my decision not to these
additional issues for investigation, please inform me in writing
within 15 calendar days of your receipt of this letter.
Similarly, if your client believes the bases or the described in
her EEO complaint have not been properly identified for
investigation, please notify me in writing within 15 calendar
days after your receipt of this letter, and specify the reasons
for that belief.  If you request reconsideration, you will
receive a final decision.  If you request still, my decision to
identify, accept, or dismiss an issue may be appealed at the
conclusion of the investigation of the accepted issues solely
through the procedures described below.

Upon completion of the investigation of your client's EEO
complaint, you will receive a copy of the Report of
Investigation (ROI).  At that time, your client will be notified
of the right to request either:

> (1)  A hearing before an Equal Employment
> Opportunity Commission (EEOC) Administrative
> Judge (AJ), who will issue a decision on the
> complaint, or
>
> (2)  A final agency decision by the
> Department of Justice (DOJ) without a
> hearing.

If you do not receive the ROI by August 31, 2020 or by any
agreed-upon extension, your client has the right to request the
hearing described above from the EEOC office identified in my
acknowledgment letter dated March 17, 2020.  However, in all
other circumstances, your client must notify the FBI's Office of
Equal Employment Opportunity Affairs (OEEOA) in writing within
30 calendar days of your receipt of the above notification

3

FBI000077

Mr. David J. Shaffer, Esq.

letter as to how your client wishes to proceed.  If the OEEOA receives no response from your client within this 30-day time period, the EEO complaint will be forwarded to the DOJ's Complaint Adjudication Office for a final agency decision addressing all issues in the complaint, including a review of the FBI's rationale for dismissing the issue (s) noted above and findings on the merits of the remaining issues in the complaint. Your client may appeal the final agency decision to the EEOC within 30 calendar days of your receipt of the decision.

    If, however, your client requests a hearing on the issue(s) accepted for investigation, the FBI's decision to dismiss the issue(s) noted above will be reviewed by an EEOC AJ.  If the AJ believes that the reasons for dismissal are not sound, the entire EEO complaint — or all of the portions not meeting the standards for dismissal — will continue in the hearing process. The AJ's decision on the partial dismissal will become part of the AJ's final decision on the complaint and may be appealed by either party after the final agency action is taken on the complaint.

    Your client also has the right to file a civil action in an appropriate United States District Court:

- Within 90 days of receipt of a final action if no appeal has been filed;

- After 180 days from the date of filing the complaint if an appeal has not been filed and final action has not been taken;

- Within 90 days of receipt of the EEOC's final decision on an appeal; or

- After 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

    In addition, I must inform you and your client of the obligation to notify the OEEOA of any change in address. Federal regulations state that an agency may dismiss an EEO complaint because of the failure to cooperate in the processing of the complaint.  Thus, failure to notify the OEEOA of a change in your or your client's address could result in the dismissal of your client's complaint.

4

FBI000078

Mr. David J. Shaffer, Esq.

You and your client also are advised that the investigation of your client's EEO complaint may be extended an additional 90 days beyond the 180-day deadline, if your client agrees to such in writing, pursuant to 29 C.F.R. § 1614.108(e). The FBI, however, may extend the time period, or any period of extension, unilaterally for not more than 30 calendar days to sanitize the completed ROI.

Finally, your client is reminded that any sensitive and/or classified material redacted from any documents in this matter should not be discussed with you or anyone outside the FBI until appropriate security clearances have been secured.

If you or your client have any questions regarding this matter, please contact Management and Program Analyst Steven Blake at (202) 324-8166.

Sincerely yours,

Karen Corado

Karen E. Corado
Unit Chief
Complaints Processing Unit

Cc:  MAKYA R. LITTLE - VIA EMAIL

5

FBI000079

## EEO Matter – Little Acceptance Letter

### Blake, Steven (SECD) (FBI) <SJBlake@fbi.gov>

Thu 4/9/2020 2:19 PM

**To:** David Shaffer <davidshaffer511@gmail.com>
**Cc:** makyarenee@gmail.com <makyarenee@gmail.com>; Little, Makya R. (CTD) (FBI) <MRLITTLE2@fbi.gov>

📎 1 attachments (2 MB)
Little acceptance letter signed .pdf;

Hello Mr. Shaffer,

Please find attached the FBI's OEEOA acceptance letter dated April 9, 2020, which advises you of the issues accepted for investigation. The investigation is the next step to be conducted.

It is requested that you please acknowledge/confirm your receipt of the acceptance letter, by responding directly to this e-mail.

Steven Blake
Management and Program Analyst
Federal Bureau of Investigation
Office of Equal Employment Opportunity Affairs
935 Pennsylvania Avenue, N.W.
Room: 9304
Washington, D.C. 20535
E-mail: sjblake@fbi.gov
202-324-8166 - Desk
202-324-3976 - Fax



# David J. Shaffer

### CIVIL RIGHTS AND DISABILITY LAW

By Email

April 24, 2020

Karen Corado
Unit Chief
Complaint Processing Unit
Federal Bureau of Investigation
Office of Equal Employment Opportunity Affairs

CC: Steven Blake
Management and Program Analyst
Federal Bureau of Investigation
Office of Equal Employment Opportunity Affairs

Dear Ms. Corado:

Thank you for your letter dated April 9, 2020. We apologize for the confusion that resulted from the timeline included Ms. Little's DOJ201A. We are attaching to this correspondence an Amendment to the Complaint. Please accept this correspondence as a request for reconsideration and appeal of your decision to not investigate the acts of discrimination and reprisal surrounding the October 29, 2019 and November 26, 2019 job non-selections based on the reporting being untimely. We appreciate the opportunity to offer additional clarifying information surrounding these dates.

On October 29, 2019, Ms. Little received notification that her application for GS-15 Assistant Section Chief, Counterintelligence Division (Counterintelligence Training and Strategy Section) had resulted in "non-selection". She met the qualifications for application to this position.

On November 26, 2019, Ms. Little received notification that her application for GS-15 Assistant Section Chief, Counterintelligence Division (Strategic Resources Section) had resulted in "non-selection". She met the qualifications for application to this position.

On December 19, 2019, Ms. Little received three "no selection" e-mails from the Leadership Selection Board. These positions were, GS-15 Assistant Section Chief, Human Resources Division (Recruitment, Selection & Staffing Section), GS-15 Assistant Section Chief, Human Resources Division (Analytics, Systems & Customer Engagement Section), and GS-15 Unit Chief, Counterterrorism Division (CT Financial Management Unit)—which initially ranked her as first out of four candidates based on her CaSS Score. While we understand that the complaint related to the December 19, 2019 non-selections

davidshafferlaw.com • Davidshaffer511@gmail.com • 5012 Aurora Drive • Kensington, MD 20895 • 202.210.7424

**FBI000046**

email has been accepted by the EEO as part of its investigation,  Nonetheless  he all  five non-selections together demonstrate a  continuing pattern of discrimination and ultimate of and retaliation that evidenced  itself at a January 11, 2020 meeting with SC Odum.

During the time period of the five applications and non-selections, Ms. Little was in a joint duty assignment at the CIA and was preparing for her return to the FBI headquarters where she intended to share information she learned while at the CIA related to racial and minority diversity in hiring and outreach.  This information was to be shared in a meeting with EAD Vale and SC Odum on January 23, 2020. Following her return to FBI Headquarters from her JDA, Ms. Little was asked by SC Odum to meet with her on January 11, 2020. During that meeting, SC Odum expressed concerns about Ms. Little speaking with EAD Vale and AD Abbate about diversity initiatives instead going to SC Odum. SC Odum also brought up concerns about Ms. Little's representation of leadership accomplishments as a co-founder in the precursor to the Diversity Agent Recruitment program. It was at this meeting that Ms. Little realized that the five non-selections of GS-15 leadership positions was due to discrimination based on her race and retaliation. After the January 11, 2020 meeting, Ms. Little filed a report with an EEO counselor for discrimination and reprisal on January 30, 2020.

For a federal employee to pursue an EEO claim:

> *a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.*
>
> *. . .*
>
> *(2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them,* ***that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred,*** *that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.*

*See* **29 CFR 1614.105(a)(2)** (emphasis added).

In matters that give rise to Title VII claims, courts have warranted equitable tolling in a situation to when the claimant *knows or should know the facts giving rise to the claim. See* Maher v. Corpus Christi State Sch., 1996 WL 512235, at *2 (5th Cir. 1996). *Isere* also, Howard v. Gutierrez, 571 F. Supp. 2d 145 (D.D.C. 2008) (denying summary judgment because there was a material issue of fact as to when the plaintiff knew or should have known about the discriminatory nature of the conduct. As the EEOC has stated:

> he time requirement for contacting an EEO counselor may be waived when the complainant alleges a continuing violation, that is, a series of related discriminatory acts, at least one of which falls within the applicable time period. See, McGivern v. USPS, EEOC Request No. 05901150 (December 28, 1990). A continuing violation may occur where

FBI000047



## David J. Shaffer
### CIVIL RIGHTS AND DISABILITY LAW

the alleged discriminatory actions are interrelated by a common nexus or theme. Where a nexus exists, appellant will have established a continuing violation and the agency would be obligated to "overlook the untimeliness of the complaint with respect to some of the acts" challenged by appellant. Scott v. Clayton, 469 F. Supp. 22, 26 (D.D.C. 1978).

Mary S. Reid, Appellant, EEOC DOC 05970705, 1999 WL 302359, at *3 (Apr. 22, 1999)


in this case, Ms. Little became aware of the discrimination based on her race and retaliation that resulted in five non-selections to leadership positions from October 29, 2019, November 26, 2019, and December 19, 2019 during the January 11, 2020 meeting with SC Odum. Therefore, the 45-day time period did not begin to run until January 11, 2020 and the January 30, 2020 report was timely as it related to all non-selections.

Furthermore, if the agency fails to investigate the October 29, 2019 and November 26 "non-selections" it will ignore Me. Little's underlying issue of a pattern of ongoing discrimination and reprisal. It is improper to segment the events stated in Ms. Little's complaint, completely excluding the investigation of some, as the Commission has held that framing and addressing issues in a complaint as individual and distinct episodes lessens the impact of several allegations and fragments them into several parts, ignoring the underlying claim of ongoing discrimination. *See* Manalo v. Department of the Navy, EEOC Requests No. 05970255 and 05970255 (June 1, 1998). In this matter, Ms. Little's complaint outlines an ongoing pattern of discrimination and reprisal with the factual events starting in May 2019 and extending until the present.

" as Ms. Little's awareness of the discrimination and reprisal the October and November job "non-selections falls within the 45 day period and equitable tolling should be applied to the facts of her case and it undermines the pattern of discrimination faced by Ms. Little. The failure to investigate all of her allegations, including the eventual non-selection of GS-15 Assistant Section Chief, Counterintelligence Division (Counterintelligence Training and Strategy Section) and GS-15 Assistant Section Chief, Counterintelligence Division (Strategic Resources Section), is not consistent with the timeliness standards under EEOC regulations. The totality of her allegations was timely made when she contacted an EEO Counselor on January 30, 2020 and all these events must be investigated as part of her discrimination and retaliation claims.


**Please let me know if you have any Questions.**

Sincerely,


_____/s_____
David J. Shaffer

davidshafferlaw.com • Davidshaffer511@gmail.com • 5012 Aurora Drive • Kensington, MD 20895 • 202.210.7424

**FBI000048**



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535-0001

VIA EMAIL

David J. Shaffer, Esq
David J. Shaffer Law
5012 Aurora Drive
Kensington, Maryland 20895

      RE:  MAKYA R. LITTLE AND
            WILLIAM P. BARR, ATTORNEY GENERAL
            U.S. DEPARTMENT OF JUSTICE
            COMPLAINT OF DISCRIMINATION
            BASED ON RACE (AFRICAN AMERICAN) AND REPRISAL
            FILE NUMBER:  FBI-2020-00091
            FILED:  MARCH 4, 2020 (RECEIVED IN EEO)

Dear Mr. Shaffer:

    Reference is made to your letter emailed to this office on April 24, 2020.  In the email, you disagree with aspects of the acceptance letter dated April 9, 2020. Please be advised that your disagreement with the acceptance letter, absent any evidence that the legal conclusions reached in the letter are incorrect, does not constitute sufficient justification for disturbing those conclusions.  Accordingly, the acceptance letter will not be disturbed.

    If you have any questions regarding this matter, please contact Management and Program Analyst Steven Blake at (202) 324-8166.

                Sincerely yours,


                Arlene A. Gaylord
                Assistant Director-
                Equal Employment Opportunity
                Officer

## Re: Case Assignment - Little

LS    **Lach, Michelle S. (CD) (FBI)**
      Thu 4/9, 11:27 AM
      Sullivan, Caitlin A. (DO) (FBI)  ⌄

                                                       ↺ Reply all  |  ⌄

Sent Items

**Thanks Caitlin!!!**

**From:** Sullivan, Caitlin A. (DO) (FBI) <CASULLIVAN3@fbi.gov>
**Sent:** Thursday, April 9, 2020 11:25 AM
**To:** Lach, Michelle S. (CD) (FBI) <mslach@fbi.gov>
**Subject:** RE: Case Assignment - Little

Hey Michelle! I'm good thanks! Here are the documents that were saved in the S drive.

Caitlin

**From:** Lach, Michelle S. (CD) (FBI) <mslach@fbi.gov>
**Sent:** Thursday, April 9, 2020 10:57 AM
**To:** Sullivan, Caitlin A. (DO) (FBI) <CASULLIVAN3@fbi.gov>
**Cc:** Lach, Michelle S. (CD) (FBI) <mslach@fbi.gov>
**Subject:** Fw: Case Assignment - Little

Hi Caitlin!  How are you?  Hope you and your family are doing well!

I looked and saw you are on the schedule to be in today.  I was assigned a new case this morning and was wondering if you might have time to send me the case documents from the s:drive so i can open a one drive file?  If you don't have time, I can wait until Steven comes in on Monday.

Thanks,
Michelle

**From:** Corado, Karen E. (DO) (FBI) <KECorado@fbi.gov>
**Sent:** Thursday, April 9, 2020 9:08 AM
**To:** Lach, Michelle S. (CD) (FBI) <mslach@fbi.gov>
**Cc:** Blake, Steven (SECD) (FBI) <SJBlake@fbi.gov>; Marable, Crystal T. (DO) (FBI) <ctmarable@fbi.gov>; Culbertson, Andrew W. (DO) (FBI) <awculbertson@fbi.gov>
**Subject:** Case Assignment - Little

FBI000084

Title:  MAKYA R. LITTLE
COMPLAINT OF DISCRIMINATION
BASED ON RACE (AFRICAN AMERICAN) AND REPRISAL
COUNTERTERRORISM DIVISION
FILE NUMBER:  FBI-2020-00091
FILED: MARCH 4, 2020 (RECEIVED IN EEO)
Synopsis:  To assign Supervisory Special Agent Michelle Lach to investigate above-captioned complaint of discrimination.

Details:  You have been assigned to investigate the complaint of discrimination made by captioned individual.  Captioned complainant has not filed any other complaint of discrimination.  You are authorized to administer oaths required by 29 C.F.R. § 1614.108(c)(2). You are also authorized:  (1) to investigate all aspects of complaints of discrimination; (2) to require all employees of any Federal government agency to cooperate with you in the conduct of the investigation; and (3) to require employees of any Federal government agency having knowledge of the issue(s) accepted for investigation to furnish testimony under oath or affirmation.

Pursuant to the requirement for the FBI to process complaints within a specific time period, and sanctions being imposed for failure to do so, it is requested you make every effort to complete this investigation and submit the Report of Investigation within 50 days.  In the event the 50 day deadline cannot be met, you must (1) document the reasons for the delay and a projected completion date in iComplaints and (2) advise the Unit Chief, Complaints Processing Unit (CPU) via email.

At this time due to the circumstances, travel is not authorized for this investigation. Management and Program Analyst Steven Blake will provide a copy of complainant's correspondence (U)  file and Confidentiality Agreement to assist with your investigation.  Please ensure captioned complainant and his/her representative (if applicable) provide a signed copy of the Confidentiality Agreement.

If the complainant has a non-Bureau representative, you should ensure both the complainant and representative are aware of the restrictions listed in the Confidentiality Agreement and abide by them during the interview.  This may be accomplished by advising the complainant and the representative, prior to the formal interview, of the necessity to avoid discussion or disclosure of classified, sensitive, or privileged information.

It is the complainant's responsibility to ensure his/her attorney is cleared for any classified information relating to the case.  The complainant must contact the OEEOA, which will begin the clearance process through the Department of Justice (DOJ), as necessary.  This may require the complainant to sign a form extending the regulatory complaint processing period. Throughout your conduct of this investigation, you should ensure policies and procedures set forth in the Complaints Processing Policy Guide and CPU Standard Operating Procedures are closely adhered to.

As set forth in Management Directive (MD)-110, published by the Equal Employment Opportunity Commission, the Investigator's role is to collect and discover factual information concerning the issues accepted for investigation.  The standard of investigation is not exhaustive, but the resulting Report of Investigation should be legally sufficient for an adjudicator to make a decision on the merits.  Evidence should be material and relevant to the issues accepted for investigation and as reliable as possible.

You should capture the time expended in the conduct of this matter in iComplaints.  TR11: Division Operational Travel should be used for all travel expenses incurred during this investigation.  Please submit an FD-540 with the estimated expenses prior to conducting the

investigation.

The following individual has been identified as the Responsible Management Official (RMO) in this complaint:

SC Tonya Odom

TBD

Questions relative to any aspect of this investigation should be directed to Supervisory Equal Employment Specialist Crystal Marable, MAPA Steven Blake or Andrew Culbertson.

Thank you,

Karen

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                      **Date:** 08/07/2020

**To:** OEEOA                               **Attn:** AD Arlene A. Gaylord

**From:** FBI OEEOA

**Contact:** SSA Michelle S. Lach,          (S)

**Drafted By:** Lach Michelle S.: msl

**File Number(s):** FBI-2020-00091

**Title:** MAKYA R. LITTLE
        COMPLAINT OF DISCRIMINATION
        BASED ON RACE (AFRICAN-AMERICAN) AND REPRISAL
        FILE NUMBER: FBI-2020-00091
        FILED: MARCH 4, 2020 (RECEIVED IN EEO)

**Synopsis:** To certify the authenticity of documents contained in the Report of Investigation on this matter.

**Details:** I certify that the documents contained in this report are true copies and/or extracts from the files of the Federal Bureau of Investigation. Where there are deletions or excisions in these documents, they were made in accordance with accepted legal standards regarding personal privacy, privileged or classified information. In that regard, a document will be attached hereto which explains the specific nature of the type(s) of information that was withheld.


Michelle S. Lach
EEO Investigator



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D.C. 20535-0001

VIA E-MAIL
November 11, 2020

David J. Shaffer, Esq
David J. Shaffer Law
5012 Aurora Drive
Kensington, Maryland 20895

      RE:   MAKYA R. LITTLE AND
            WILLIAM P. BARR, ATTORNEY GENERAL
            U.S. DEPARTMENT OF JUSTICE
            COMPLAINT OF DISCRIMINATION
            BASED ON RACE (AFRICAN AMERICAN) AND REPRISAL
            FILE NUMBER:  FBI-2020-00091
            FILED:  MARCH 4, 2020 (RECEIVED IN EEO)

Dear Mr. Shaffer:

    The investigation of your client's complaint has been completed. Attached is a zip file containing a copy of the redacted Report of Investigation (ROI) for your information. The ROI was reviewed for privileged and/or classified information by the Discovery Processing Unit, Office of the General Counsel, prior to forwarding it to you, and redactions were necessary. Should your client recognize the substance of the redacted material, please be advised shecannot discuss it with anyone outside the FBI, as it has been determined to be sensitive and/or classified.

    If, after reviewing the ROI, your client still believes she has been subjected to discrimination, she may:

        (1)  Request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC); or

        (2)  Request a final decision by the Department of Justice (DOJ) without a hearing.

Mr. David J. Shaffer, Esq.

To elect a hearing before an AJ of the EEOC on your client's behalf, you must submit a written request, within 30 calendar days of your receipt of this letter, directly to the EEOC office indicated in this office's letter to your client dated March 17, 2020. A copy of the hearing request also must be provided to the Office of Equal Employment Opportunity Affairs (OEEOA).

To elect a final decision by the DOJ on your client's behalf, you must submit a written request directly to the OEEOA, again within 30 calendar days of your receipt of this letter, at the following address:

Office of Equal Employment Opportunity Affairs
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Room 9304
Washington, D.C. 20535-0001.

If an election between these two procedures is not made within 30 days, pursuant to EEOC regulations your client's complaint will be forwarded to the DOJ for a final decision.

If your client currently believes she was not subjected to discriminatory actions, or he no longer wishes to proceed with his complaint, you may withdraw the discrimination complaint by notifying the OEEOA in writing.

If you have questions, please contact Management and Program Analyst Steven Blake at (202) 306-5188.

Sincerely yours,

*Karen Corado*

By:   Karen E. Corado
      Unit Chief
      Complaints Processing Unit


Attachment

Cc: Ms. Makya R. Little – VIA E-MAIL



**TULLY RINCKEY** PLLC
ATTORNEYS & COUNSELORS AT LAW
2001 L STREET NW, SUITE 902
WASHINGTON, DC 20036

*VIA CERTIFIED MAIL*

December 10, 2020

District Director
Washington Field Office
EEOC
131 M Street N.E.
Fourth Floor, Suite 4NW02F
Washington, D.C. 20507-0100

> Re:   *Makya R. Little v. U.S. Department of Justice*
>       File Number: FBI-2020-00091
>       <u>Complainant's Request for Hearing</u>

Dear Sir/Madam:

Pursuant to 29 C.F.R. § 1614.108(g), Complainant, Makya R. Little, by and through her undersigned and duly appointed counsel, hereby respectfully and timely submits the instant request for a hearing for the above-referenced matter. To that end, please be advised that this law firm has been engaged to represent Ms. Little in connection with her Hearing Request. Enclosed, please find a Power of Attorney, which includes a Privacy Act waiver executed in favor of this firm by Ms. Little. (See Power of Attorney, Enclosure (Enc.) 1 hereto.) Please be advised that the undersigned has been specifically assigned to serve as counsel for Ms. Little's in this case. Therefore, pursuant to 29 C.F.R. § 1614.605, please direct all communications in this matter to us with the provision of a hard copy to Ms. Little at:

> Ms. Makya R. Little
> 4829 Montega Drive
> Woodbridge, VA 22192

The instant letter constitutes Ms. Little's request for an EEOC hearing. Since this hearing request is transmitted within 30 calendar days of the firm's actual receipt of the Agency's November 11, 2020 correspondence, this request is timely in accordance with 29 C.F.R. § 1614.108(f).

By copy of this letter, undersigned counsel certifies that this correspondence and enclosures comprising Ms. Little's hearing request, will be served via certified mail upon the following designated Agency office identified in the Report of Investigation transmittal notice:

District Director
December 10, 2020
Page 2

      Office of Equal Opportunity Affairs
      Federal Bureau of Investigation
      935 Pennsylvania Avenue, N.W.
      Room 9304
      Washington, D.C. 20535-0001

     If you have any questions concerning this matter, please do not hesitate to contact me.
Thank you for your attention to this matter.

            Regards,

            Donna Williams Rucker, Esq.
            Deputy Managing Partner

cc:     Office of Equal Opportunity Affairs



**U. S. Department of Justice**

Drug Enforcement Administration

EEO Staff, W3.114

8701 Morrissette Drive

Springfield, Virginia  22152-1080

_www.dea.gov_                                           August 5, 2021

### ELECTRONIC MAIL - RETURN RECEIPT REQUESTED

Ms. Makya R. Little
c/o Donna Williams Rucker, Esquire
Tully Rinckey PLLC
Attorneys & Counselors At Law
2001 L Street, NW, Suite 902
Washington, DC  20036

RE:  Complaint No: FBI 2021-00130

Dear Ms. Little:

This is to acknowledge receipt of the complaint of discrimination you filed on August 4, 2021, against the Federal Bureau of Investigation (FBI).  As you are aware, the Drug Enforcement Administration (DEA) was designated on May 18, 2021, by the Director of the Equal Employment Opportunity Staff, Justice Management Division, to process your complaint due to an apparent conflict of interest.  Your complaint was received by DEA, Equal Employment Opportunity Staff, on May 18, 2021, and has been assigned complaint number FBI 2021-00130. Please use this number on all correspondence regarding this complaint.

You are being notified of relevant procedures that relate to your EEO complaint.  Please review this letter carefully, and notify this office if you have any questions. Additionally, please preserve this letter as it contains important details about your legal rights.

**Review of your formal complaint**

Having received your complaint, we are now reviewing it to determine whether it meets the legal requirements for further processing.

Once reviewed, we will issue a letter (referred to as an "*Acceptance Letter*") that specifies which allegation will be accepted for investigation and which are being rejected. In the event that we reject claims of yours, we will provide an explanation for our decision.

You have no immediate right to appeal a *partial dismissal* of your complaint.  If any part of your claim is dismissed by our office and you request a hearing on the remainder of the complaint (as explained below), an Administrative Judge of the EEOC will review the agency's rationale for its partial dismissal.  If you do not request a hearing, you may not appeal the partial dismissal until the agency issues a ***final decision*** on the remainder of your complaint.

**<u>Investigation into your accepted claims</u>**

If any portion is accepted, an investigation into the accepted claims will be completed within 180 calendar days from the filing date of the formal complaint -- although you and the agency may agree to an extension if circumstances warrant it.

Federal regulations authorize our office to conduct investigations through the use of various techniques.  Our practice is to use contract investigators to interview and obtain sworn statements from the complainant, responsible management officials, and other primary witnesses.

As the complainant, your cooperation into the investigation of your claims is mandatory. Federal regulations authorize sanctions against non-cooperative complainants.  See 29 CFR §1614.107(a).  You are expected to provide any requested testimony and documents. Additionally, when the investigator provides you a transcript of your testimony for your review, you are expected to review it, make corrections, if necessary, and sign it once it accurately reflects your testimony. If questions or problems arise, don't hesitate to contact this office.

**<u>Amendments and extensions of the investigation period</u>**

If a new matter arises during the course of the investigation into your complaint, you should contact this office about amending your complaint to include the new matter.  If it is like and related to your existing claims, you will not be required to go to through the counseling process again.

In cases where new incidents arise that fit within an already existing claim, such as is the case where your accepted claim alleges an ongoing hostile work environment or an ongoing failure to accommodate a medical condition, you will not need to file an amendment for the additional incidents to be incorporated into the investigation.

Accordingly, please promptly notify this office of any new incidents so that we can determine if they are like and related to your pending complaint or evidence in support of your pending complaint.  You should bring such incidents to our attention no later than 45 calendar days of when they occurred.

When a complaint is amended, federal regulations extend the deadline to complete an investigation to 180 days from the last amendment to the complaint, but no later than 360 days from the original complaint.

If a matter is not like or related, you may be required to go through the counseling process. If you are unsure, please don't hesitate to notify our office of your questions.  Additionally, please make sure you bring to our attention any amendment or new issue within 45 calendar days of its occurrence.

**Your Right to Representation**

You have the right to be represented throughout the complaint process, and at any stage in the process.  Please notify this office if you obtain counsel, or if your representation status changes.

**Submission of ROI**

Following completion of the investigation, the EEO Investigator will submit a Report of Investigation (ROI), and you will be provided a copy for your review.  Along with a copy of the ROI will be an *Election Letter*, on which you will indicate whether you would like to request a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC) or a final decision by the Complaints Adjudication Officer (CAO) of the Department of Justice.  If you are eligible to pursue your claim before an Administrative Judge of the EEOC, you will be required to submit that election letter to EEOC and to us **within 30 days**.

**Most Claims are Appealable to EEOC; Mixed Claims, for instance, are Not**

Most claims are appealable to EEOC.  However, claims that are appealable to the Merit Systems Protection Board (MSPB) (such as terminations of non-probationary employment and suspensions for more than 14 days) are classified as mixed-case complaints. You do not have the right to request a hearing before an EEOC Administrative Judge on these claims.  Instead, after the investigation of a mixed claim, the Department of Justice Complaints Adjudication Officer (CAO) will issue a final decision on this claim.

In order to avoid any confusion for you, we will specify in our Acceptance Letter if you have any claims that classify as mixed claims.

The EEOC does not enforce protections that prohibit discrimination and harassment based on parental status. Therefore, if you have a claim concerning parental status, it will not be addressed by EEOC but will be forwarded to CAO.  If you choose to request a hearing on your other claims, CAO will hold the portion of your complaint regarding parental status in abeyance until the conclusion of your administrative hearing with EEOC.  Following a decision on the complaint by an Administrative Judge, CAO will issue a decision which will address the basis in your claim pertaining to parental status and order appropriate remedies and relief if discrimination is found.

**Process for Requesting a Hearing Before EEOC**

If you desire to pursue an EEOC hearing, you should send your request to:

Mindy Weinstein, Director
Equal Employment Opportunity Commission
Washington Field Office
131 M Street, NE
Fourth Floor, Suite 4NWO2F
Washington, DC  20507-0100

You must also provide a copy of your hearing request to:  Karen E. Corado, Deputy Equal Employment Opportunity Officer, Office of Equal Employment Opportunity Affairs, Federal Bureau of Investigation, at KECorado@FBI.gov.

You also must certify to the EEOC that you have done so.  (If your claim is against an agency other than FBI but our office is processing the complaint, please send your hearing request to the federal agency against whom you are filing.)

Following submission of your request for a hearing, EEOC will correspond with you about the procedures that will apply to your case in their forum.  Please note that EEOC is independent of this office and this agency, and therefore any questions or concerns about their processing of your complaint must be directed there.

If you do not request a hearing with the EEOC, your case will automatically be submitted to the Complaint Adjudication Office, Department of Justice, for a final decision without a hearing based on the existing record.

Additionally, once an EEOC Administrative Judge has issued a decision, the agency shall take final action on the complaint by issuing an order notifying you, the complainant, whether or not the agency will fully implement the decision of the administrative judge and shall contain notice of your right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits.  If the final order does not fully implement the decision of the administrative judge, then the agency shall simultaneously file an appeal in accordance with 29 C.F.R § 1614.403 and append a copy of the appeal to the final order.

### **You have the right to appeal the final decision or dismissal of any claim**

You also have the right to file an appeal with the EEOC's Office of Federal Operations on any ***final order, final decision or dismissal*** (in its entirety) issued by the Department on your complaint of discrimination.  EEOC Form 573, "Notice of Appeal/Petition" will be provided to you, and must be filed *__**within 30 days**__* of your receipt of the ***final order, final decision***, or ***dismissal***.

Because of the coronavirus health crisis, the EEOC's Office of Federal Operations strongly encourages complainants to file their appeals online at the EEOC's Public Portal located at **publicportal.eeoc.gov/portal**.  You may also mail your appeal to the Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC 20013 or by fax at (202) 663-7022.

With regard to a mixed case, however, if the complainant is dissatisfied with CAO's final decision on the mixed case complaint, the complainant may appeal the matter to the MSPB, not the Commission, within 30 days of receipt of the agency's final decision.  (If CAO does not issue a final decision within 120 days of your complaint, you may appeal your mixed-case complaint to MSPB at that point, or any time thereafter, although no later than within 30 days of receipt of a final decision by CAO. You are also entitled to file a civil action, but not both a civil action and an appeal to the MSPB.)

You must provide the FBI with a copy of any appeal you submit to the Commission.  Please send it to:  Karen E. Corado, Deputy Equal Employment Opportunity Officer, Office of Equal Employment Opportunity Affairs, Federal Bureau of Investigation, at KECorado@FBI.gov. ***You must also certify to the Commission that you sent a copy of your appeal to the FBI EEO Office.***

### You have the right to file a civil action

Instead of an appeal, you have the right to file a civil action in Federal District Court on matters raised in the administrative process:

(1) Within 90 days of receipt of an agency's final action on an individual complaint, or final decision on a class complaint, if no appeal has been filed;

(2) After 180 days from the date of filing an individual or class complaint if no appeal has been filed and no final action on an individual complaint or no final decision on a class complaint has been issued;

(3) Within 90 days after receipt of the EEOC's final decision on the appeal; or

(4) After 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

When filing a lawsuit, you must name the person who is the official agency head or the department head as the Defendant.  In the case of claims against the Department of Justice or any component, you must name Merrick B. Garland, Attorney General.  Failure to provide the name or official title of the agency head or department head may result in the dismissal of your case.

*Please note that during the processing of your complaint, you **must** notify this office of any change in your current mailing address, email address, and telephone number. Additionally, if you are being represented, you must provide us that representative's contact information so we may include them on any communication concerning your matter.*

Should you have any questions, please feel free to contact me at Darryl.w.himes@dea.gov.

Sincerely,

*Darryl W. Himes*

Darryl W. Himes
Complaints Program Manager

cc:  Makya R. Little, Complainant
      Karen E. Corado, Deputy EEO Officer
      Ateia R. Green, Supervisory EEO Specialist

**U.S. Department of Justice**

# Complaint of Discrimination

*(See instructions on reverse)*

PRIVACY ACT STATEMENT: 1. AUTHORITY- The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE AND USE-This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), genetic information, sexual orientation, gender identity, parental status, or reprisal.

The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

| | |
|---|---|
| 1. Complainant's Full Name<br>Makya Little | 2. Your Telephone Number *(including area code)*<br>Home N/A |
| Street Address, RD Number, or Post Office Box Number | Work 202.440.0124 |
| City, State and Zip Code | Email Address | Cell 703.786.7887 |

| | |
|---|---|
| 3. Which Department of Justice Office Do You Believe Discriminated Against You?<br>FBI | 4. Current Work Address<br>935 Pennsylvania Ave, NW, Washington, DC 20535 |
| | A. Name of Agency Where You Work<br>Federal Bureau of Investigation |
| B. Street Address of Office<br>935 Pennsylvania Ave, NW | B. Street Address of Your Agency<br>935 Pennsylvania Ave, NW |
| | C. City, State and Zip Code<br>Washington, DC 20535 |
| C. City, State and Zip Code<br>Washington, DC 20535 | D. Title and Grade of Your Job<br>Management and Program Analyst, GS-14 |

**5. Date on Which Most Recent Alleged Discrimination Took Place**

| Month | Day | Year |
|---|---|---|
| April | 19 | 2021 |

**6. Check Below Why You Believe You Were Discriminated Against?**

☑ Race *(Give Race(s))* _____
☐ Color *(Give Color)* _____
☐ Religion *(Give Religion)* _____
☑ Sex *(Give Sex)*   ☐ Male  ☐ Female
☐ Sexual Harassment   ☑ Non-sexual Harassment
☐ Age *(Give Age)* _____
☐ National Origin *(Give National Origin)* _____
☐ Disability   ☐ Physical   ☐ Mental

☐ Genetic Information
☐ Sexual Orientation
☑ Gender Identity
☑ Reprisal
☐ Parental Status
☐ Class Complaint

7. Explain How You Believe You Were Discriminated Against *(treated differently from other employees or applicants)* Because of Your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Genetic Information, Sexual Orientation, Gender Identity, Parental Status, or Reprisal. Do not include specific issues or incidents that you have not discussed with your EEO Counselor. *(You may continue your answer on another sheet of paper if you need more space.)*

Not selected for Section Chief of the Office of Diversity and Inclusion. Was harassed in the process by executives who had no involvement with the selection process. Due to my race, gender, and prior EEO activity.

8. What Corrective Action Do You Want Taken on Your Complaint?

Promotion to Section Chief, backpay to April 19, 2021, pain and suffering and attorneys fees.

| 9. A) I have discussed my complaint with an Equal Employment Opportunity Counselor and/or other EEO Official. | | B) Name of Counselor | |
|---|---|---|---|
| DATE OF FIRST CONTACT WITH EEO OFFICE:<br>Tully Rinck \| Esquire \| 2001 L S | DATE OF RECEIPT OF NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR:<br>July \| drucker \| 202.787. | 01/27/2020 | ☐ I Have Not Contacted an EEO Counselor |

| 10. Date of This Complaint: | 11. Sign Your Name Here: | |
|---|---|---|
| Month August \| Day 4 \| Year 03/07/ | | Exhibit 1  Page 1 |

FORM DOJ-201A
FBI000006 JLY 2020

**U. S. Department of Justice**

Drug Enforcement Administration

EEO Staff, 3W.114
8701 Morrissette Drive
Springfield, VA 22152-1080

_____

*www.dea.gov*

August 16, 2021

**ELECTRONIC MAIL - RETURN RECEIPT REQUESTED**

Ms. Makya R. Little
c/o Donna Williams Rucker, Esquire
Tully Rinckey PLLC
Attorneys & Counselors At Law
2001 L Street, NW, Suite 902
Washington, DC  20036

RE:  **Complaint No: FBI 2021-00130**

Dear Ms. Little:

Due to a conflict of interest regarding your EEO complaint of discrimination, the Director of the Equal Employment Opportunity Staff of the Justice Management Division has designated the Drug Enforcement Administration EEO Office to handle the processing of your EEO complaint against the Federal Bureau of Investigation (FBI).

On August 4, 2021, you filed a formal EEO complaint of discrimination against the FBI. After careful review of your EEO formal complaint and our records from the EEO counseling report, your EEO complaint has been accepted for investigation as explained below.

**ACCEPTED ALLEGATION/S**

Whether you were discriminated against based on your race (unknown), sex (Female), and reprisal (prior EEO activity) when:

1. On April 19, 2021, you were notified that you were not selected for the position of Section Chief, Office of Diversity and Inclusion, Senior Executive Service (SES), advertised under Vacancy Announcement Number 20210249.

2. From November 2020 to April 2021, you were harassed (non-sexual) by FBI executives (who had no involvement in the selection process) when among other things:  1) the closing date for the vacancy announcement was extended to January 4, 2021 and was now open to external candidates to apply; 2) the Assistant Director did not recuse herself from the interview panel; 3) you received a text message from a Section Chief requesting to speak with you regarding your qualifications, grade level, application status, and interview performance; 4) you received unsolicited feedback regarding your promotion potential from the Executive Assistant Director who also told you "it is not going to happen."  You contend that both the Deputy Director and the Associate Deputy Director directed the Executive Assistant Director to tell you that you would not be selected for the position of Section Chief, Office of Diversity and Inclusion.

If you disagree with the statement of the issues accepted for investigation, please notify this office of any corrections within 5 calendar days from receipt of this correspondence.  When reviewing our statement of the issues, please keep in mind that our purpose is solely to identify the legal claim of discrimination to be investigated.  Our goal is not to identify or describe each of the facts in support of those legal claims – such as those you provided in your attachment/s.  You will have an opportunity to more fully describe the relevant facts during the investigation of your case. Additionally, the investigator will be provided a copy of these complaint narratives, along with records from the EEO Counseling process.

Pursuant to 29 C.F.R. § 1614.106(e)(2), the Drug Enforcement Administration (DEA) is required to conduct an impartial and appropriate investigation of your complaint within 180 days of the date that you filed it, unless you and DEA agree in writing to extend the time period. Due to potential logistical complications brought on by COVID-19, we are asking that you **agree to a 90 day extension of the period of time within which to complete the investigation.**  If you agree, the deadline to complete the investigation into your allegation/s **will change from January 31, 2022 to May 1, 2022.** Although all reasonable efforts will be taken to avoid relying on this extension, we are asking for this now because none of us can foresee what complications may arise. If you agree, please notify Darryl W. Himes, EEO Complaints Program Manager, at Darryl.W.Himes@dea.gov. Thank you for considering this request.

The accepted claim/s will be investigated by an EEO Investigator with the investigative firm of **JDG Associates, Inc.** The EEO Investigator is trained and authorized to conduct EEO investigations consistent with EEOC regulations. You are entitled to have an attorney or representative present during your initial interview with the EEO Investigator.  If you wish to have an attorney or representative present, please advise the EEO Investigator at the time that you are contacted to schedule the interview.

Your rights and responsibilities following the completion of the investigation were explained in the letter to you dated August 5, 2021.

Should you have any questions, please contact Darryl Himes, Complaints Program Manager, at darryl.w.himes@dea.gov.

Sincerely,

*Lorena McElwain*
Lorena O. McElwain
EEO Officer

cc: Makya R. Little, Complainant

# U. S. Department of Justice
Drug Enforcement Administration

_____

*www.dea.gov*

August 19, 2021

**<u>ELECTRONIC MAIL - RETURN RECEIPT REQUESTED</u>**

Ms. Andrea Garza
President
JDG Associates, Inc.
27 Scenic Loop Road
Boerne, TX 78006

Re: EEO Complaint of Makya R. Little
Complaint No. FBI 2021-00130

Dear Ms. Garza:

Pursuant to the authority vested in me by Departmental Order 1200.1 (July 6, 2000), Section B.2 and B.5.f, you are hereby assigned to conduct an investigation of the above-referenced complaint in accordance with the provisions of 29 C.F.R. § 1614.108. You are authorized to:

(1) Investigate all aspects of this complaint;

(2) Require all employees of the Agency to cooperate with you in the conduct of the investigation; and

(3) Require all employees of the Agency having knowledge of the matter complained of to furnish testimony under oath or affirmation without a pledge of confidence.

**THIS COMPLAINT WAS FILED ON AUGUST 4, 2021. WE ARE REQUESTING THAT WE RECEIVE THE COMPLETED DRAFT REPORT OF INVESTIGATION, IN DRAFT FORM, <u>NO LATER THAN NOVEMBER 15, 2021.</u>**

You are requested to furnish an original and four (4) copies of the investigative report. When you submit the draft Report of Investigation, you will be notified of the format in which the copies should be submitted, hard copy or recordable compact disc (CD-R).

2

Enclosed is the complaint file.  The accepted claim(s) to be investigated is whether she was discriminated against based on her race (unknown), sex (Female), and reprisal (prior EEO activity) when:

1. On April 19, 2021, she was notified that she was not selected for the position of Section Chief, Office of Diversity and Inclusion, Senior Executive Service (SES), advertised under Vacancy Announcement Number 20210249.

2. From November 2020 to April 2021, she was harassed (non-sexual) by FBI executives (who had no involvement in the selection process) when among other things: 1) the closing date for the vacancy announcement was extended to January 4, 2021 and was now open to external candidates to apply; 2) the Assistant Director did not recuse herself from the interview panel; 3) she received a text message from a Section Chief requesting to speak with her regarding her qualifications, grade level, application status, and interview performance; 4) she received unsolicited feedback regarding her promotion potential from the Executive Assistant Director who also told her "it is not going to happen." She contends that both the Deputy Director and the Associate Deputy Director directed the Executive Assistant Director to tell her that she would not be selected for the position of Section Chief, Office of Diversity and Inclusion.

It should be noted that this case is a **conflict-of-interest** being processed by the US Drug Enforcement Administration, EEO Staff.  All billing invoices shall be directed to Karen E. Corado, Deputy Equal Employment Opportunity Officer, Office of Equal Employment Opportunity Affairs, Federal Bureau of Investigation.

Should you have any questions, please contact Suzette B. Ward, EEO Specialist, of my staff at Suzette.B.Ward@dea.gov, who is currently teleworking until further notice.

Sincerely,

*Lorena McElwain*

Lorena O. McElwain
EEO Officer

Enclosure

cc:  Karen E. Corado, Deputy Equal Employment Opportunity Officer

| | |
|---|---|
| **From:** | Makya Renee |
| **To:** | Himes, Darryl W. |
| **Cc:** | Little, Makya R. (ITESD) (FBI); Donna Rucker; Barbara J. Gaither |
| **Subject:** | Re: Amended EEO Complaint | Continued Reprisal |
| **Date:** | Wednesday, September 22, 2021 2:57:39 PM |
| **Attachments:** | image001.png |

Good afternoon Mr. Himes,

Thank you for the acknowledgement and please see the clarification below:

1)   You allege that you were offered an external job offer but it was later rescinded due to negative feedback that the employer had received from a CIA customer.  What does CIA stand for (e.g., Central Intelligence Agency)?  Please identify the employer who received negative information about you and who rescinded the job offer.

I am alleging that I was offered an external job offer but it was later rescinded due to negative comments that the employer received from a CIA customer. CIA stands for Central Intelligence Agency. The employer is Bravo Consulting Group, LLC. They are a subcontractor for Booz Allen Hamilton, however, Bravo rescinded the job offer.

2)   You allege that Tonya Odom provided negative information to the CIA customer.  Is that accurate?

Yes, this is accurate.

3)   You allege that you received an inadequate response from an FBI FOIA request.  Please explain why the response was inadequate and who was responsible for discriminating against regarding this matter.

Three out of my 5 FOIA requests were marked as denied allegedly because the data wasn't already generated. However, the data necessary to provide/generate a response definitely exists. Also, one of the FOIA request responses was inadequate because they produced merged data when it was explicitly requested to be received in its native format, broken into two separate time periods (August 2017-May 2019 and June 2019-Present). The 5th request is still pending fulfillment.

Regarding who discriminated by not providing this information, I believe that my denial came at the direction of Tonya Odom. I was advised that Human Resources Division maintains this data, however, the organization has claimed that all diversity-related data is "owned" by the Office of Diversity and Inclusion. The previous executive over that office was Tonya Odom.

Furthermore, since I am experiencing ongoing effects of the FBI's retaliatory actions, I respectfully decline approval of the 90-day investigation extension you requested in your earlier correspondence.

+ Makya Renée Little

On Thu, Sep 9, 2021 at 6:52 PM Himes, Darryl W. <Darryl.W.Himes@dea.gov> wrote:

Dear Ms. Little:

This is to acknowledge receipt of your request to amend your EEO complaint.  In reviewing your new allegations, I am requesting clarification on the following matters:

1)   You allege that you were offered an external job offer but it was later rescinded due to negative feedback that the employer had received from a CIA customer.  What does CIA stand for (e.g., Central Intelligence Agency)?  Please identify the employer who received negative information about you and who rescinded the job offer.

2)   You allege that Tonya Odom provided negative information to the CIA customer.  Is that accurate?

3)   You allege that you received an inadequate response from an FBI FOIA request.  Please explain why the response was inadequate and who was responsible for discriminating against regarding this matter.

**From:** Little, Makya R. (ITESD) (FBI) <MRLITTLE2@fbi.gov>
**Sent:** Tuesday, August 31, 2021 2:41 PM
**To:** Himes, Darryl W. <Darryl.W.Himes@dea.gov>
**Cc:** Donna Rucker <drucker@fedattorney.com>; Barbara J. Gaither <bgaither@fedattorney.com>; Makya Renee <makyarenee@gmail.com>
**Subject:** Amended EEO Complaint | Continued Reprisal

Hello Mr. Himes,

I hope you are well.

I would like to request that my EEO complaint FBI 2021-00130 be amended to include the claims in the original e-mail below. I have yet to hear from JDG Associates, Inc., but wanted to ensure you had this additional information for your records.

Please advise if you need any additional information from me.

Thank you.

+ Makya



---

**From:** Green, Ateia Renee (OEEOA) (FBI) <ARGREEN@fbi.gov>
**Sent:** Tuesday, August 31, 2021 2:33 PM
**To:** Little, Makya R. (ITESD) (FBI) <MRLITTLE2@fbi.gov>; EEO_Counseling <EEO_Counseling@FBI.GOV>
**Subject:** Re: EEO Complaint | Reprisal

You're welcome

*Ateia R. Green*

*Supervisory Equal Employment Specialist*

*EEO Counseling Program*

*Director's Office - Office of EEO Affairs*

*202-821-5225 (voice)*

*202-324-3976 (fax)*

*argreen@fbi.gov*

[OEEOA UNet Site](OEEOA UNet Site)

**ACE it every time! Accountability, Commitment, and Excellence in Services**

---

**From:** Little, Makya R. (ITESD) (FBI) <[MRLITTLE2@fbi.gov](MRLITTLE2@fbi.gov)>
**Sent:** Tuesday, August 31, 2021 2:30 PM
**To:** Green, Ateia Renee (OEEOA) (FBI) <[ARGREEN@fbi.gov](ARGREEN@fbi.gov)>; EEO_Counseling
<[EEO_Counseling@FBI.GOV](EEO_Counseling@FBI.GOV)>
**Subject:** Re: EEO Complaint | Reprisal

Thanks for that guidance, Ateia.

+ Makya

---

**From:** Green, Ateia Renee (OEEOA) (FBI) <[ARGREEN@fbi.gov](ARGREEN@fbi.gov)>
**Sent:** Tuesday, August 31, 2021 2:17:22 PM
**To:** Little, Makya R. (ITESD) (FBI) <[MRLITTLE2@fbi.gov](MRLITTLE2@fbi.gov)>; EEO_Counseling
<[EEO_Counseling@FBI.GOV](EEO_Counseling@FBI.GOV)>
**Subject:** Re: EEO Complaint | Reprisal

Good afternoon Ms. Little,

Due to your matter being like and/or related to your ongoing formal matter, you must
contact your POC at the DEA and request to amend your complaint to add your new
allegation(s).

Best,

***Ateia R. Green***

*Supervisory Equal Employment Specialist*

*EEO Counseling Program*

*Director's Office - Office of EEO Affairs*

*202-821-5225 (voice)*

*202-324-3976 (fax)*

*argreen@fbi.gov*

OEEOA UNet Site


*ACE it every time! Accountability, Commitment, and Excellence in Services*

---

**From:** Little, Makya R. (ITESD) (FBI) <MRLITTLE2@fbi.gov>
**Sent:** Tuesday, August 31, 2021 2:06 PM
**To:** EEO_Counseling <EEO_Counseling@FBI.GOV>
**Subject:** EEO Complaint | Reprisal


Good afternoon,

I believe I have been subjected to employment discrimination and want to initiate the informal counseling process.


On August 18, 2021, I was advised that an external job offer I received had been rescinded due to negative feedback from a CIA customer. I believe this customer was provided false, negative employer feedback about me from AD A. Tonya Odom in retaliation for prior engagement in protected EEO activity.


Furthermore, on August 26, 2021, I was provided an inadequate response to an FBI FOIA request (**1496275-000**). I also believe this is in retaliation for previous engagement in protected EEO activity.

+ Makya



**U. S. Department of Justice**

Drug Enforcement Administration

EEO Staff, 3W.114

8701 Morrissette Drive

Springfield, VA 22152-1080

_www.dea.gov_

October 14, 2021

**ELECTRONIC MAIL-RETURN RECEIPT REQUESTED**

Ms. Makya R. Little
c/o Donna Williams Rucker, Esquire
Tully Rinckey PLLC
Attorneys & Counselors At Law
2001 L Street, NW, Suite 902
Washington, DC  20036

Re:  Complaint No.  FBI 2021-00130

Dear Ms. Little:

This is in reference to your electronic mail (e-mail) dated August 31, 2021, wherein you requested to amend your complaint of discrimination filed against the Federal Bureau of Investigation (FBI) on August 4, 2021. As you are aware, the Drug Enforcement Administration (DEA) was designated by the Director of the Equal Employment Opportunity Staff of the Justice Management Division, Department of Justice, to process your complaint due to a conflict of interest matter.

On August 16, 2021, your original complaint was accepted for investigation based on whether you were discriminated against because of your race (unknown), sex (Female), and reprisal (prior EEO activity) when:

1. On April 19, 2021, you were notified that you were not selected for the position of Section Chief, Office of Diversity and Inclusion, Senior Executive Service (SES), advertised under Vacancy Announcement Number 20210249.

2. From November 2020 to April 2021, you were harassed (non-sexual) by FBI executives (who had no involvement in the selection process) when among other things: 1) the closing date for the vacancy announcement was extended to January 4, 2021 and was now open to external candidates to apply; 2) the Assistant Director did not recuse herself from the interview panel; 3) you received a text message from a Section Chief requesting to speak with you regarding your qualifications, grade level, application status,

-2-

and interview performance; 4) you received unsolicited feedback regarding your promotion potential from the Executive Assistant Director who also told you "it is not going to happen." You contend that both the Deputy Director and the Associate Deputy Director directed the Executive Assistant Director to tell you that you would not be selected for the position of Section Chief, Office of Diversity and Inclusion.

On September 9, 2021, the DEA EEO Office contacted you (via email) requesting clarification on the matters raised in your amended complaint. By September 22, 2021, you clarified the claims and alleged that you were discriminated against based on reprisal (prior EEO activity) when:

1. On August 18, 2021, you were notified that a job offer from Bravo Consulting Group, LLC was rescinded due to them receiving negative feedback about you from their customer agency, the Central Intelligence Agency (CIA). You believe that it was the Assistant Director (A. Tonya Odom) of the FBI who provided false and negative information about you to the CIA.

2. On August 26, 2021, you were provided an inadequate response to an FBI Freedom of Information (FOIA) request.

The regulations that govern the EEO process provide that a complainant may amend a complaint at any time prior to the conclusion of the investigation to include claims that are like or related to those raised in the initial complaint. See 29 Code of Federal Regulations (C.F.R.) §1614.106(d). The Equal Employment Opportunity Commission (EEOC) Management Directive 110 requires that the new incidents of alleged discrimination be reviewed to determine if they provide additional evidence in support of the existing claim; raise a new claim that is like or related to the pending matter; or raise a new claim that is unrelated to the pending complaint.

Upon review of your amended complaint, I have determined that **allegation number 1** is like and related to your pending complaint and will be accepted for investigation. Because your complaint is currently under investigation, your amendment will be provided to JDG Associates, Inc. and included in your report of investigation. Please be advised that when a complaint is amended, the time period in which an agency must complete its investigation is extended to the earlier of 180 days after the filing of the last amendment or not later than 360 days from the filing of the original complaint. In your case, we are required to complete the investigation by **February 27, 2022.**

With regard to **allegation number 2** in that the FBI provided an inadequate response to your FOIA request, it is being dismissed for failure to state a claim. 29 C.F.R. §1614.107(a)(1). Under EEO regulations, the EEO Office does not have jurisdiction over the processing of FOIA requests. The U.S. Equal Employment Opportunity Commission (EEOC) has previously determined that it does not have jurisdiction over the processing of FOIA requests as disputes. Instead persons having a dispute regarding such requests should bring any appeals about the processing of their FOIA requests under the appropriate FOIA regulations and through the agency's guidelines. _Gaines v. Department of the Navy, EEOC Request No. 05970386 (June 13, 1997)._

-3-

Our decision not to investigate allegation number 2 is reviewable by an EEOC Administrative Judge if you request a hearing on the remainder of your complaint, but you have no right to appeal this partial dismissal until a final agency action is taken on the remainder of your complaint.  If the Administrative Judge believes that all or some of the reasons for dismissing certain claims are not sound, that dismissed claim may be reinstated.  The Administrative Judge's decision on the partial dismissal will become part of the Administrative Judge's final decision on your complaint, and may be appealed by either party after final action is taken on the complaint.

If you request a final agency decision by the Complaint Adjudication Officer (CAO) for the Department of Justice without a hearing, the CAO will issue a decision addressing all claims in the complaint, including the rationale for dismissing a claim, and its findings on its merits of the remainder of the complaint as described in the Acknowledgement Letter to you dated August 5, 2021.

***Please note that during the processing of your complaint, you must notify this office of any change in your current mailing address.***

Should you have any questions, please contact Darryl W. Himes, Complains Program Manager at Darryl.w.himes@dea.gov.

Sincerely,

*Lorena McElwain*
Lorena O. McElwain
Equal Employment Opportunity Officer

cc:  Donna Williams Rucker, Esquire
    JDG Associates, Inc.

**U. S. Department of Justice**

Drug Enforcement Administration

---

*www.dea.gov*

February 25, 2022

**BY ELECTRONIC MAIL-RETURN RECEIPT REQUESTED**

**NOTICE OF COMPLETION OF INVESTIGATION**

Ms. Makya R. Little
c/o Donna Williams Rucker, Esquire
Tully Rinckey PLLC
Attorneys & Counselors At Law
2001 L Street, NW, Suite 902
Washington, DC 20036

Re: **Complaint No. FBI 2021-00130**

Dear Ms. Little:

This is to notify you that the EEO Investigator has completed the investigation of the subject complaint, and to provide you with a copy of the Report of Investigation (ROI) in accordance with Title 29, Code of Federal Regulations, Part 1614.108(f). These regulations provide that you have the right to request a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC), or you may receive a final decision from the Complaint Adjudication Officer (CAO) for the Department of Justice without a hearing, based on the record established in the ROI. As you are aware, the Drug Enforcement Administration (DEA) was designated by the Director of the EEO Staff, Justice Management Division, to process your complaint due to an apparent conflict of interest.

If you desire a hearing, you must request it within 30 days of your receipt of this notice and Report of Investigation. The EEOC office and address of where your hearing request for your remaining claim/s is to be sent to:

Mindy Weinstein, Director
Equal Employment Opportunity Commission
Washington Field Office
131 M Street, NE
Fourth Floor, Suite 4NWO2F
Washington, DC  20507-0100

A copy of your hearing request (**forms attached**) must be sent to:

> Karen E. Corado
> Deputy EEO Officer
> Office of EEO Affairs
> 935 Pennsylvania Avenue, NW
> Room 9304
> Washington, DC  20535
> KECorado@fbi.gov

You must certify to the EEOC Administrative Judge that you sent a copy of your hearing request to the FBI.

If you request a hearing, within 180 days of your request, EEOC must issue a **decision** to the CAO, who must render a **final order** within 40 days, indicating whether it will or will not fully implement the EEOC Administrative Judge's decision.

If you request an agency **final decision** without a hearing, or if you fail to respond within 30 days, the Report of Investigation will be sent to the CAO, who must render a **final decision** within 60 days of the date of your request, or within 60 days of the end of the 30-day period for requesting a hearing.

If you are dissatisfied with the final decision of the CAO (**without an EEOC hearing**), you may appeal to the Director, Office of Federal Operations (OFO), Equal Employment Opportunity Commission, within 30 days of your receipt of the CAO's final decision. You will be provided EEOC Form 573, "Notice of Appeal/Petition" on which to file your appeal, and you must furnish a copy of your appeal to the FBI's EEO Office at the same time you file it with the OFO.

Should you decide to appeal the CAO's final decision to the OFO, you still have the right to file a civil action in the appropriate U.S. District Court within 90 days of receipt of the OFO's decision on your appeal, or after 180 days from the date you filed your appeal with the OFO, if no OFO decision has been rendered by that time.

You also have the right to file a civil action in an appropriate U.S. District Court within 90 days of your receipt of the CAO's final decision if no appeal has been filed, or after 180 days from the date you initially filed your complaint, if no appeal has been filed, and a CAO final decision has not been issued. If you decide to file a civil action, you must name the Attorney General as the head of the Department of Justice. Filing a civil action will terminate the administrative processing of your complaint or appeal.

The overall purpose of the administrative process is to effectively and efficiently resolve EEO complaints. Any time after the filing of your written complaint, but no later than the date the EEOC appoints an Administrative Judge to conduct a requested hearing, the FBI may make an offer of resolution to you if you are represented by an attorney. Any time after both you and the

agency have been notified that an EEOC Administrative Judge has been appointed to conduct a requested hearing, but not later than 30 days prior to the hearing, the agency may make you an offer of resolution, regardless of whether you are represented by an attorney.  The offer of resolution will be in writing, will include a notice explaining the possible consequences of failing to accept the offer; and the offer must include attorney's fees and costs and specify any non-monetary relief. You then have 30 days from receipt of the offer of resolution to accept it.

Attached also is a form that provides for the withdrawal of your complaint based on the information obtained during the investigation. Experience has demonstrated that sometimes complainants decide, based on the evidence obtained by the investigation, to terminate the complaint process by withdrawing the complaint.

Should you have any questions, please contact me at Darryl.w.himes@dea.gov.

Sincerely,

*Darryl W. Himes*

Darryl W. Himes
Complaints Program Manager

Enclosures

cc:  Makya R. Little, Complainant
     Karen E. Corado, Deputy EEO Officer